HENRY C. HUNT & others *vs.* EDMUND G. LUCAS.

No provision of the Constitution is violated by a statute that, in all actions at law in this court, or the superior court, a default shall be entered against any defendant on whom legal service has been made, unless he or some one in his behalf, within ten days from the return day of the writ, or on or before the last day of the term, when the same does not exceed ten days, or within such further reasonable time as the court for good cause shown may order, files an affidavit that he verily believes that the defendant has a substantial defence to the action on its merits and intends to bring the same to trial.

CONTRACT on a promissory note dated September 27, 1867 payable ten days after date to the order of the defendant, and by him signed and indorsed to the plaintiffs. Writ dated October 19, 1867.

In the superior court, the defendant filed the following motion: " And now the defendant comes and states that he has not filed an affidavit of merits because he is informed that in order to make such affidavit he must truly believe that he has a defence which he is able to establish, and which, when established, is legally sufficient to bar the plaintiffs' claim. He further states that he is not able to make oath that he believes he has such defence; but he wishes to bring said case to trial. He therefore moves that he may be allowed to file an answer, and to defend without such affidavit." This motion the court overruled; and, after ten days from the day of the return of the writ, ordered a

default to be entered in the action for want of such an affidavit; and the defendant appealed to this court.

*H. W. Bragg*, for the plaintiffs.

*N. St. J. Green*, for the defendant. Section 45 * of the Gen. Sts. *c.* 129, is unconstitutional. It deprives the defendant of rights guaranteed by the Constitution. The oath required to be taken is, in substance, that the defendant is clear in his conscience that he has a defence which is substantial, or which will prevail, and which is not technical, but is upon the merits; that is, which goes to the subject matter in controversy between the parties. This is the plain meaning of the language of the statute; Dwarris on Statutes, 573, 578; and is the construction which has been put upon it by this court. *Clark* v. *Connecticut River Railroad Co.* 6 Gray, 363. *Claflin* v. *Thayer*, 13 Gray, 460. *Cole* v. *Ackerman*, 7 Gray, 40. *Hayden* v. *Attleborough*, Ib. 338.

By the Constitution, all men have certain inalienable rights, of which they can be lawfully deprived neither by legislators nor by courts. One of these is the right of protecting property. When that property is menaced by suit brought, every citizen has the right of protecting it in court without denial or needless hindrance; and can be deprived of it only in accordance with the settled course of judicial proceeding, and by the ultimate decision of the court upon the matter of law, and of the jury upon the matter of fact. The clauses of the Constitution giving these rights are to have a liberal construction. *Commonwealth* v. *Anthes*, 5 Gray, 222. *Jones* v. *Robbins*, 8 Gray, 340.

---

* " In all actions at law in the supreme judicial court, or superior court, the court shall, at any time after ten days from the return day of the writ, or as of course on the last day of the return term, enter a default against any defendant on whom legal service has been made, unless the defendant or some one in his behalf has filed within said ten days, or on or before the last day of said term when the same does not exceed ten days, an affidavit that he verily believes that the defendant has a substantial defence to the action on its merits, and intends to bring the same to trial: Provided, that upon good cause shown the time for filing such affidavit may be extended for such reasonable time as the court may order."

A party's right to make defence is not to be measured by the extent of his belief in the truth or falsity, strength or weakness, of that defence. Independently of any question of defence, he has a right to appear in court, and to require the production of the plaintiff's proof, and the judgment of the court upon the effect and sufficiency of that proof. 2 Inst. 45, 50. *Jones* v. *Robbins,* 8 Gray, 342. *Denny* v. *Mattoon,* 2 Allen, 381, 382. *Taylor* v. *Porter,* 4 Hill, 146, 147. *Hoke* v. *Henderson,* 4 Dev. 15. *Den* v. *Singleton,* Martin, (No. Ca.) 49. *In re John & Cherry Streets,* 19 Wend. 676. *Wynehamer* v. *People,* 3 Kernan, 432, 433. *People* v. *Haws,* 37 Barb. 456. *Greene* v. *Briggs,* 1 Curtis C. C. 311. *Frothingham* v. *Dutton,* 2 Greenl. 255. *Plimpton* v. *Somerset,* 33 Verm. 283. The Constitution guards with equal care the citizen's right to life, to liberty, and to property. He can be deprived of neither without due proceedings in court, conducted according to the course of the common law, and with a jury if facts are in controversy. There is no distinction anywhere made between his right to life and liberty, and his right to property. There is the same, and no more, power in the legislature to require an affidavit of defence, subject to a default, in a civil case, that there is to require the same affidavit, subject to the same penalty, in a criminal case. A prisoner on arraignment, guilty though he be, has the right, without subjecting himself to the penalties of perjury, to plead not guilty, which, in legal signification, means that he calls upon the government to produce its proof. The defendant in a civil action has the same right, by the same plea of the general issue, having the same signification in a civil as in a criminal proceeding, to call upon the plaintiff to make out his case. It is a principle lying at the foundation of the common law system of judicial investigation, that a plaintiff must recover, if at all, upon the strength of the case which he is able to establish by evidence.

But it is not necessary to go as far as this to establish the unconstitutionality of the statute, since, by the terms of the affidavit, giving to the language its manifest signification, a defendant may often be precluded from making defence, when his constitutional right to a judicial investigation is clear

Without filing an affidavit, he cannot obtain the judgment of the court upon matter of law. *Clark* v. *Connecticut River Railroad Co.* 6 Gray, 363. How in such case can he make oath that he verily believes he has a defence, when he is unskilled in the law; when there are irreconcilable decisions upon the point involved, and when he is informed by his counsel that the chances of success and failure are in an equal balance?

Upon what construction of the affidavit, without making its language a falsehood and confounding all distinction between a legal fiction and the awful crime of perjury, can the defendant make oath that he believes he has a defence, when he has no knowledge of the facts involved, and from the nature of the case can acquire none? He is sued for an injury alleged to have been the result of his negligence. He knows that he was negligent; he knows that the injury happened; and he presumes a connection between the negligence and the injury. But the legal liability depends upon something more. Was the plaintiff negligent? This the defendant ordinarily cannot know till he puts the plaintiff to his proof. Suppose a case where the defendant's liability depends solely upon the question as to whom credit was given by the plaintiff. This is a matter the certain determination of which is beyond human power. The fact to be inquired of is, the intent which was existing in the plaintiff's mind. Is it less than the sacrilegious desecration of an oath to require a defendant to swear that he is clear in his conscience of a fact the truth of which is veiled from human sight in the breast of another? The defendant is sued upon a contract alleged to have been made by the plaintiff with the defendant's agent, who has absconded. He wishes to defend, to guard against collusion between the agent and the plaintiff. How can he swear that he truly believes, when his greatest belief is but suspicion? A ship sails for China. Two days after her departure, a vessel arrives dismasted by collision. The shipowner is sued for the negligence of his captain in the management of his vessel. How can the defendant make affidavit upon a subject upon which he knows, and in the course of nature can know, nothing? It may be said that in such case the time for filing the

affidavit may, in the discretion of the court, be extended until he can by diligence inform himself. But it is also true that in the discretion of the court the time may not be extended; and the constitutional right of no person can be made dependent upon the discretion of a court.

Often the facts are in such doubt that a trial is necessary for the very purpose of determining them. The fiercest controversies in courts of justice arise where the facts are in such doubt that no one can verily believe them to be the one way rather than the other. In such cases, is the plaintiff legally entitled to a default; and can the defendant be constitutionally deprived of his jury? It is to settle controversies where the fact is in doubt, that juries were established; and a defendant cannot be required to make oath to the truth of a thing which he has a constitutional right to have a jury determine for him.

The plaintiff is not obliged to make oath that he believes he has a legal cause of action; and therefore, unless by the interpretation of the court the affidavit is made to speak a falsehood, the plaintiff may recover, not because he has a case which he can establish by evidence, but because the defendant, who, if a trial was had, would not be called upon, is precluded by the requirement of an affidavit from appearing in court.

By the affidavit, a defendant is sometimes shut out from his defence when it is his legal duty to make one; as in the case of an executor or guardian, or where he defends in any trust capacity to protect the interest of another. The requiring of the affidavit may in some cases even interfere with the duty of the court; as where an infant is defendant. In such case, in the language of Tilghman, C. J., in *Read* v. *Bush*, 5 Binn. 455, "the insisting on an oath from the defendant or his guardian is not consistent with that care and protection which have ever been extended to infants by courts of justice."

The length of time the statute has been in force unquestioned appears to afford the only argument which can be made in favor of its constitutionality. That its validity has not hitherto been questioned is accounted for by the danger which a defendant undergoes in risking his whole case upon this single point, which

if decided against him is followed by an adverse judgment, and if determined in his favor advances him nothing in his defence; and by the further fact that the affidavit is in practice regarded in general but as an empty form. It has in no degree prevented the setting up of feigned defences. At July term of the court of common pleas for this county in 1850, the year before the passage of the act, over fifty-three per cent. of the entries were defaulted at the first calling of the docket. At the last July term of the superior court for this county, the defaults for want of an affidavit were less than fifteen per cent. of the entries, while in forty-one cases affidavits alone were filed not followed by answers.

The useless multiplication of oaths tends to destroy their sanctity ; and courts should beware lest they make oaths administered in a court of justice of as little value and as much a by-word as those administered by the officers of the revenue. The statute is a bounty on crime, and an encouragement to villainy. It has utterly failed of its purpose, and the court in the furtherance of morality should put no straitened construction upon the terms of the affidavit, to enable it to be taken in all cases with a few grains of mental reservation, but should give those terms their full force according to the ordinary meaning of language, and hold the statute unconstitutional if it plainly appears to be in conflict with the Declaration of Rights.

CHAPMAN, C. J.    The action is upon a promissory note ; and the defendant moves that he may be allowed to file an answer and defend the action without filing the affidavit required by the Gen. Sts. *c.* 129, § 45.    The alleged ground of the motion is, that the statute is unconstitutional.    The articles of the Constitution which the defendant's counsel refers to are in the Declaration of Rights :   Article 1, which declares the right of protecting property ; article 10, which declares the right of being protected in the enjoyment of property according to standing laws ; article 11, declaring the right of having recourse to the laws for injuries, and obtaining right and justice completely and without denial ; articles 12 and 15, declaring the right of trial by law, and by jury.    These clauses are to be construed liber-

ally in favor of the rights of the citizens; and if the statute is in conflict with any of them it is void.

The defendant contends that, without making affidavit, he has a right to appear in court, and to require the production of the plaintiff's proof, and the judgment of the court upon the effect and sufficiency of that proof. If this position is correct, the objection to the statute goes further than the defendant alleges. The requirement as to the affidavit is, that after ten days, or on the last day of the term, the court shall enter a default, unless the defendant, or some one in his behalf, files an affidavit that he verily believes that the defendant has a substantial defence to the action on its merits, and intends to bring the same to trial. But, if such an affidavit is filed, the defendant is not thereby permitted to require the production of the plaintiff's proof, or the judgment of the court upon it. By Gen. Sts. *c.* 129, §§ 17, 20, he must file an answer, which shall deny in clear and express terms the plaintiff's allegations, or declare his ignorance, so that he can neither admit nor deny, and leaves the plaintiff to prove the same; and which shall declare in clear and precise terms such substantive facts as he intends to rely upon in his defence. Therefore, if the affidavit were dispensed with, the defendant would still be obliged to file a written answer, signed by himself or his counsel. Unless he is in fact ignorant whether he made the note, or believes he did not make it, he cannot require the plaintiff to prove its execution, without signing and putting on record a false statement; and this would be, to a truthful and honorable person, hardly less objectionable than making the statement under oath. Nor can he set up any defence in avoidance of the note, without making a similar statement of the matter relied upon. The required statements of the answer, in order to enable him to defend, must be much more particular than the affidavit. But the objection goes still further. It lies against all the written pleas which defendants have been obliged to file in order to put the plaintiff upon proof of his case, not only ever since the Constitution was adopted, but ever since written pleadings were in use.

The system of special pleading was intended to require of

parties written statements of what they believed to be true. But in some cases the common law required that a defendant should not only state his defence, but make oath to it. In actions of debt, and in several other species of action, the plaintiff might require him to wage his law; and this must be done upon oath. Bac. Ab. Wager of Law. In suits in equity, a defendant has always been obliged to make oath to the truth of his answer; and our statutes relieve him from this requirement at the option of the plaintiff, and not otherwise. Other instances might be cited where sworn statements and pleadings have been required. These provisions were more stringent than that of our statute requiring an affidavit of defence. But, when our Constitution was framed, they had never been regarded as encroachments on those rights which are declared in the clauses above referred to. Nor is there any reason to believe that the Constitution was designed to prohibit the legislature from enacting reasonable laws in regard to pleadings in civil actions, or from requiring averments to be supported by affidavits.

But the Constitution also declares that every subject of the Commonwealth ought to find a certain remedy, by having recourse to the laws, for all injuries to his property, and ought to obtain right and justice promptly and without delay, conformably to the laws. Before the enactment of the statute requiring an affidavit of defence, a creditor who brought an action upon an undisputed claim was subject to great and unreasonable delay; for it was a very general practice for defendants to appear and set up a defence for the mere sake of delay, although they knew they had no real defence, and had no intention to bring the cause to trial. The requirement in regard to the affidavit was designed to remedy this evil in the administration of justice; and we can see nothing unreasonable in it.

The defendant alleges that the affidavit is in practice regarded but as an empty form; that it is a bounty on crime and an encouragement to villainy; and has utterly failed of its purpose. That these are mistaken assertions is shown by the dockets throughout the Commonwealth. Soon after the statute went into operation, that class of cases in which pleas had been filed

for mere delay disappeared, and we believe that there are very few cases where either parties or their attorneys could be induced to make affidavit, or file a false allegation in an answer, for the mere sake of delay. An attorney who will countenance such an act violates his duty.

The affidavit is very general; and in all cases when a defendant or his agent verily believes that the plaintiff has not a legal right to maintain his action for the cause alleged in his writ, upon the legal principles which govern the decision of causes in courts of justice, and intends to make a defence, he may safely make the affidavit. An oath requires that the substance, and not the mere form, of truth should be stated. Thus, when a jury returns upon oath a verdict that the defendant did not promise, or disseise, or is not guilty, it means only that the promise, or the disseisin, or the guilt, is not proven by legal evidence; this being the point in issue.

If it be said that the statute is unequal in requiring the defendant to take an oath, while the plaintiff is not required to do so, the answer is, that practically no great evil arises from permitting a party to commence an action without making an affidavit, for the expense and risk of bringing an action which he knows to be groundless, and paying the expenses in advance, is generally a sufficient check upon him. But defendants have had no such check; and the abuse occasioned by the delays which they have been able to obtain has been very great. The affidavit has proved to be expedient and useful; and there is no ground for regarding it as unconstitutional.

*Judgment for the plaintiffs.*