Coykendall v. Robinson.

---

NELSON H. COYKENDALL, PLAINTIFF IN ERROR, v. FREDERICK S. ROBINSON, DEFENDANT IN ERROR.

A justice of the Supreme Court has power to strike out, as a sham plea, the general issue, accompanied by the statutory affidavit. If the plea is false, it is not an invasion of the right of trial by jury.

Coykendall v. Robinson.

In error to the Hudson Circuit Court.

For the plaintiff in error, *John Linn.*

For the defendant in error, *F. W. Stevens.*

The opinion of the court was delivered by

VAN SYCKEL, J.   The question discussed in this case is, whether the court below had power to strike out, as a sham plea, the general issue, accompanied by the statutory affidavit.

Strictly, the writ of error only brings up the record of the judgment, by which it appears that judgment of *nil dicit* was given against the defendant; the order of the judge was an outbranch of the record, which should have been brought up on *certiorari.* This objection, however, was very properly waived, in order that the real question in the case might receive the consideration of the court.

The plaintiff in error insists that the striking out of the plea is an invasion of the right of trial by jury, and that it violates that provision in our state constitution which declares that " the right of trial by jury shall remain inviolate."

Section 133 of the practice act is not, in terms, an infringement of this constitutional provision.   It is limited in its exercise to frivolous pleas—that is, pleas manifestly immaterial or inapplicable to the case—and sham pleas, which are false pleas.   In these cases, the defendant has failed to set up a legal defence : he has presented no issue to be tried by a jury, there existing, in fact, nothing to try.   It is struck out as a sham plea, and, therefore, in this argument, it must be conceded to be a false plea.

The constitution was not intended to introduce trial by jury in cases where it did not exist before, but merely to preserve it inviolate in cases where it existed at the time the constitution was adopted.   *McGear* v. *Woodruff,* 4 *Vroom* 213.

The one hundred and thirty-third section of our practice act confers no new power.   At common law, the judges

repeatedly exercised, in a great variety of cases, the power to strike out sham pleas. *Penfold* v. *Hawkins*, 2 *M. & S.* 606; *Blewitt* v. *Marsden*, 10 *East* 237; *Balmanno* v. *Thompson*, 6 *Bing.* (*N. S.*) 153; *Bradbury* v. *Emans*, 5 *M. & W.* 595; *Richley* v. *Proone*, 1 *Barn. & Cres.* 286; *Bones* v. *Bunter*, 1 *Chitty* 565; *Pierce* v. *Blake*, 2 *Salk.* 515; *Nutt* v. *Rush*, 4 *Exch.* 490.

This rule was applied to the general issue, as well as to other pleas, where it appeared to be a sham plea. *Phillips* v. *Bruce*, 6 *M. & S.* 134; *Shadwell* v. *Berthoud*, 5 *B. & Ald.* 750, *note; Vincent* v. *Groome*, 1 *Chitty* 182.

No reason can be assigned why a defendant should be permitted to shelter himself from the power of the court to strike out a false plea, by taking refuge under the general issue.

It is clear that the right, which a defendant had at common law, to have the issue of fact tried by a jury, was subject and subordinate to the power of the court to strike out a false plea.

This practice having been fully established in the common law, no invasion was committed of the right of jury trial by enacting it in the form of a statute. Notwithstanding the exercise of the right to strike out, jury trial is preserved and upheld inviolate as it existed when the constitution was adopted.

In *Allen* v. *Wheeler*, 1 *Zab.* 94, Chief Justice Green says, "that the striking out of sham or false pleas is a familiar exercise of the power of the court."

No argument can be made against this practice which does not apply with equal cogency to the requirement of our statute, that a plea shall be verified by affidavit. In *Hunt* v. *Lucas*, 99 *Mass.* 404, the Massachusetts statute requiring such affidavit was assailed, on the ground that it impaired the right of trial by jury, but the court did not regard the objection with favor.

The right to strike out having existed before the formation of our constitution, the requirement by statute, since that

time, of an affidavit to the plea, cannot defeat or take away the power to strike out.

The affidavit was intended to be in aid of the power of the court to prevent sham pleading, not to interfere with, much less wholly to destroy and take away that beneficial power.

While this power can be clearly maintained, it should be exercised with care, and not extended beyond its just limits.

The inquiry is simply whether there is, in truth, any question of fact to try, and if not, if the defence is a mere pretence, it should be summarily swept away.

When a defendant, on a rule to show cause why his plea be not stricken out, or, on application by him to set aside a judgment entered over his plea, shows, by his own affidavit, or by other testimony, that he has a defence, stating, specifically, the grounds of it, a question of fact is presented to be passed upon, and he cannot be deprived of the benefit of a trial in the ordinary mode. In that event, a case for striking out does not exist, and, if he is denied a trial by jury, he will be entitled to review the action of the court by which his legal rights are impaired.

The order of the judge, which is brought up in this case, declares that the plea stricken out is a sham plea. The finding of the judge must be assumed to be true until the contrary appears, and, therefore, no error was committed in striking it from the record.

The judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, DALRIMPLE, DEPUE, DIXON, KNAPP, REED, SCUDDER, VAN SYCKEL, CLEMENT, GREEN, LATHROP, LILLY, WALES. 14.

*For reversal*—None.