CHAUNCEY FOSTER & another *vs.* H. H. MORSE.

Suffolk.  Jan. 16. — March 2, 1882.  LORD, FIELD & C. ALLEN, JJ., absent.

The Sts. of 1874, c. 248, § 1, and 1875, c. 212, § 1, providing that in civil actions a party shall not be entitled to a trial by jury, unless he files, within the time therein prescribed, a notice that he desires such trial, are constitutional.

MORTON, C. J.  The only question in this case is as to the constitutionality of the statutes providing in effect that in civil actions a party shall not be entitled to a trial by jury unless he files within the time prescribed by the statutes a notice that he desires such trial.  St. 1874, c. 248, § 1.  St. 1875, c. 212, § 1.*

The defendant contends that these provisions are in violation of the fifteenth article of the Declaration of Rights, which provides

———

* The St. of 1874 provides that, " In the Supreme Judicial and Superior Courts, a separate list shall be kept of cases to be tried by a jury, and no civil action shall be entered upon such list unless some party shall, within such time after the parties are at issue, as the court may by general or special orders direct, file a notice that he desires a trial by jury."

The St. of 1875 provides that such notice " may be filed at any time before the parties are at issue as well as at the times provided by " the St. of 1874.

that " in all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the Legislature shall hereafter find it necessary to alter it."

The purpose of the Declaration of Rights was to announce great and fundamental principles, to govern the action of those who make and those who administer the law, rather than to establish precise and positive rules of action. It has uniformly been held that this and the similar provision in the twelfth article of the Declaration of Rights are intended to secure a benefit or right to a party to a suit, which he may avail himself of or waive at his election ; and that the Legislature, under the power given it by the Constitution to make " all manner of wholesome and reasonable orders, laws, statutes and ordinances, directions and instructions," not repugnant to the Constitution, has the authority to make reasonable laws regulating the mode in which this right shall be enjoyed and used. *Jones* v. *Robbins*, 8 Gray, 329.

Thus, a law is constitutional which provides that, if a defendant in a civil or a criminal suit is defaulted, judgment is to be rendered against him; he is deemed to have waived his right of trial by jury. *Commonwealth* v. *Whitney*, 108 Mass. 5. So the law requiring that in a civil action the defendant shall be defaulted unless he files, within ten days of the return day of the writ, an affidavit that he has a good defence, has been held to be constitutional, and not an unreasonable restriction of the defendant's right of a trial by jury. *Hunt* v. *Lucas*, 99 Mass. 404. So a law requiring a party appealing from the judgment of an inferior tribunal to give bonds to prosecute his appeal, or bail for his appearance, is constitutional and valid. *Hapgood* v. *Doherty*, 8 Gray, 373. *Jones* v. *Robbins, ubi supra.*

The statutes we are considering, requiring a party to a civil suit to file a notice of his desire to have a trial by jury, fall within the same principle. This requirement does not deprive him of his right to a trial by jury, but regulates the mode in which this right shall be enjoyed and used. It requires a party

to use reasonable diligence in electing whether he will exercise his right to have a trial by jury. If he fails to file a notice of his desire to insist upon this right, he waives the right. We are therefore of opinion that the provisions of the statutes in question are constitutional and valid.          *Exceptions overruled.*

*E. W. Sanborn*, for the defendant.
*G. F. Williams*, for the plaintiffs.