## In re CHARLES W. MARRON.

*Criminal Law. Prisoner must procure copies of Appeal at his own expense. R. L. s. 1763.*

The legislature has authority to make reasonable laws regulating the mode in which the right of trial by jury in criminal causes shall be enjoyed; but it cannot impair the right; thus, a statute which in effect requires a prisoner convicted in a justice's court, where a jury is composed of only six men, to procure copies of appeal at his own expense, if he appeals and would enter his appeal in the County Court, where a jury is composed of twelve men, is a reasonable regulation, and does not infringe the constitutional right of trial by jury.

HABEAS CORPUS. The writ was returnable before VEAZEY, J., May 17, 1887, and the case was by him adjourned to the Washington County Supreme Court, then in session. The relator was convicted by a justice of the peace of the crime of selling intoxicating liquors. Prisoner remanded.

The facts are stated in the opinion.

*Senter & Kemp*, for relator.

Article 10 of the Bill of Rights declares that " in all prosecutions for criminal offenses a person hath a right to * * * a speedy, public trial by an impartial jury of the country."

The jury referred to here is the common law jury of twelve men, and such a jury and trial cannot be had under our law in a justice's court. Here the legislature enacted Rev. Laws, s. 1673, which gives a right of appeal to one convicted by a justice of the peace, unconditionally, except as to time. It is not made dependent upon the payment of any fees by the respondent, or the procurement of bail. *In re Kennedy*, 55 Vt. 1; Const. arts. 4, 10; Rev. Laws, s. 1673.

In re Marron.

The administration of criminal law in Vermont proceeds upon the theory that the State must furnish the machinery for the trial of all crimes and misdemeanors, and that no respondent shall be subjected to the payment of any fees or costs unless and until he be finally convicted; neither can a respondent recover any costs from the State; and if he be compelled to pay for his appeal and for the copies of the record in order to obtain an appeal, and the judgment from which he appeals be reversed after trial by a traverse jury in County Court, he cannot recover any fees or costs so paid. *State* v. *Wallace*, 41 Ind. 445.

The legislature could not abridge the constitutional right to a trial by jury, given to every person charged with crime; and, in order to give effect to this right, a respondent must of necessity be entitled to an appeal from a justice's court where a trial by jury may be had. *Johnson's Case*, 1 Me. 230; Bish. Writ. L. 90.

*E. W. Bisbee*, *State's Attorney*, for the State.

The statute casts the burden upon respondents appealing from the judgments of justices of the peace to enter their appeals in the County Court. Rev. Laws, ss. 1673-1678.

That involves the procurement of a copy of the proceedings in the justice's court, the fee for which is seventy-five cents. Rev. Laws, s. 4506.

The two courts had concurrent jurisdiction over the subject-matter. The relator desired to avail himself of a trial in the County Court, and asserted his rights to an appeal.

Where is the distinction between the expense of the copy of the proceedings before the justice, to get his case into the County Court, and the other expense to which he is subjected, —the procurement of witnesses, or counsel in his behalf, and the other incidental expenses of a trial?

The Constitution has placed about accused persons the guaranty of a fair trial,—not necessarily a free trial,—before a common-law jury.

In re Marron.

It is only when respondents are of insufficient pecuniary ability to properly present their defence that the courts grant them relief at the expense of the State.

The opinion of the court was delivered by

ROWELL, J. This is a complaint for a writ of *habeas corpus*. The case is this : The prisoner was convicted before a justice for selling intoxicating liquor, and appealed. Afterwards he seasonably applied to the justice for copies of appeal that he might enter his case in the County Court, which the justice refused to furnish him unless he would advance therefor the statutory fee of seventy-five cents, which he did not do, but applied to the County Court at its then next session for leave to enter his appeal, and for an order on the State's attorney to procure and file the necessary copies of appeal, which application was refused, and the case was not entered. After the adjournment of the County Court the justice issued a warrant to carry his judgment into effect, as provided by statute, upon which the prisoner was arrested and is now detained, and this imprisonment is complained of as illegal on the ground that the Constitution secures to the prisoner the right of a trial by a jury of twelve men, which he can have only in the County Court, and that by being required to pay for copies of appeal before he could get them he has been deprived of this right, which he says should be accorded to him by the State without money and without price.

The purpose of the declaration of the Bill of Rights, that in all prosecutions for criminal offenses a person hath a right to a speedy public trial by an impartial jury of the country, was, to announce a great and fundamental principle to govern the action of those who make and those who administer the law, rather than to establish precise and positive rules by which that action is to be governed. *Jones* v. *Robbins*, 8 Gray, 329, 340 ; *Foster* v. *Morse*, 132 Mass. 354.

But notwithstanding the right is secured by organic law, it is nevertheless considered that the legislature, in which is

vested the supreme legislative power of the State, may regulate the mode and manner of its enjoyment, provided it does not impair the right itself. But from the very nature of the case no definite rule can be laid down that will be a guide in all cases to determine what will and what will not be deemed to impair the right. Every case must be determined upon its own circumstances.

Thus, in *Walter* v. *The People*, 32 N. Y. 147, 159, WRIGHT, J., speaking for the court, said : "Trial by jury cannot be dispensed with in criminal cases, but it is obviously within the scope of legislation to regulate such trial." There it was held that the legislature might give the people peremptory challenges in criminal cases. Again, in *Stokes* v. *The People*, 53 N. Y. 164, 173, it is said : " While the Constitution secures the right of trial by an impartial jury, the mode of procuring and impanelling such jury is regulated by law, either common or statutory, principally the latter, and it is within the power of the legislature to make from time to time such changes in the law as it may deem expedient, taking care to preserve the right of trial by an impartial jury." And in *Foster* v. *Morse*, 132 Mass. 354, it is said that the legislature has "authority to make reasonable laws regulating the mode in which this right shall be enjoyed and used."

So it has been held that a city charter was not unconstitutional because it did not provide for a trial by jury in criminal cases in the recorder's court. But for not giving a right of appeal to the accused it was held unconstitutional. *State* v. *Peterson*, 41 Vt. 504.

In most inferior courts, probably, either no jury trial at all can be had, or only one by a jury of less than twelve men, as in our justice courts ; but it has always been held in such cases that if an unfettered right of appeal is given to a court in which a constitutional jury can be had, the right to a jury trial is not infringed. *State* v. *Peterson*, 41 Vt. 504, 522 ; *Sullivan* v. *Adams*, 3 Gray, 476 ; *Hopgood* v. *Doherty*, 8 Gray, 373.

In re Marron.

A statute requiring in a civil action that the defendant shall be defaulted unless within ten days of the return-day he files an affidavit of defence, has been held to be constitutional and not an unreasonable restriction of his right to a trial by jury. *Hunt* v. *Lee*, 99 Mass. 404.

It is to be noticed that the Bill of Rights gives a trial by jury in civil cases as well as in criminal. But it has always been held in civil cases that the advancing party must pay the jury fee in order to secure such trial.

In *Commonwealth* v. *Whitney*, 108 Mass. 5, the court says : " It has been the uniform practice of the legislature since the adoption of the Constitution, to pass laws regulating the mode in which the rights secured to the subject by the Bill of Rights and the Constitution shall be enjoyed, and if the subject neglects to comply with these regulations he thereby waives his constitutional privileges. The statute in question falls within this principle. It gives any person convicted before a justice of the peace or a police court the right to appeal to the Superior Court and to have a trial by jury, and makes regulations which are reasonable and necessary as to the mode in which he may enter and prosecute his appeal, and if he neglects to enter and prosecute his appeal he waives his right to a trial by jury, and the provision of the statute that he may thereupon be defaulted and sentenced is not unconstitutional."

So a statute that in effect provides that in civil cases a party shall not be entitled to a jury trial unless he files within a certain time a notice that he wants such trial, is constitutional. *Foster* v. *Morse*, 132 Mass. 354.

But it is unnecessary to pursue the subject further. The cases referred to sufficiently show the existence and general scope of legislative authority in this behalf, and illustrate with sufficient fullness the extent to which it may properly be exercised.

The result is, we hold that the statute which, in effect, makes it the duty of a respondent who appeals, to procure copies of appeal at his own expense if he would enter his

In re Marron.

appeal in the appellate court, is a reasonable regulation, not infringing the constitutional right of a trial by jury.

It is therefore adjudged that the prisoner is lawfully detained, and he is remanded to his former custody.

ROYCE, C. J., and POWERS, J., were absent.