## OLIVER W. MEAD *vs.* DAVID C. CUTLER & another.

Middlesex.    January 9, 1907. — February 27, 1907.

Present: KNOWLTON, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Land Court. Practice, Civil,* Appeal. *Constitutional Law,* Right to trial by jury.

On an appeal from the Land Court to the Superior Court under St. 1904, c. 448, § 8, no matters can be tried in the Superior Court except those specified in the appeal, and if an appeal contains no such specification it must be dismissed.

On an appeal from the Land Court to the Superior Court under St. 1904, c. 448, § 8, the matters whereby the appealing party is aggrieved may be specified by means of the issues which he desires to have framed as a part of his appeal, although a direct statement of them in the appeal would be more satisfactory. The fact that such matters are stated in the form of questions is immaterial.

A party may be aggrieved by a decree of the Land Court so as to have the right of appeal to the Superior Court under St. 1904, c. 448, § 8, in respect to a matter concerning which he has introduced no evidence, or after he has been defaulted or nonsuited.

A party to a writ of entry brought in the Land Court is not deprived of his constitutional right to a trial by jury by the provision of St. 1904, c. 448, § 8, limiting the matters to be tried by jury on an appeal to the Superior Court to those which are specified in the appeal, this being a reasonable regulation of the manner in which the right may be exercised.

MORTON, J.  This is a writ of entry brought in the Land Court.  The tenants filed answers but introduced no evidence. There was a finding and an assessment of damages in that court in favor of the demandant.  The tenants appealed to the Superior Court.  Each took a general and special appeal.  The general appeals recited that the tenants were aggrieved and that they claimed an appeal to the Superior Court for a jury trial.  The special appeals claimed a jury trial on the facts, and were in addition accompanied by certain issues filed therewith which the tenants prayed might be allowed as the issues to be tried in the Superior Court on the appeal.  These issues were allowed by the Land Court.  The demandant moved in the Superior Court to dismiss the appeals on the ground that no matters were specified in the general appeals in respect of which the tenants

were aggrieved, and in relation to the special appeals on the ground that the Land Court had no power to allow the issues or the Superior Court to hear and determine them because it nowise appeared that the tenants were aggrieved. The motions were allowed and the appeals dismissed, and the tenants appealed to this court. The judge of the Land Court made a report to the Superior Court of the facts found by him. From this report it appears that the demandant asked him to rule that on the facts found by him that court had no power to allow issues. He refused so to rule and allowed the issues as already observed, and the demandant duly excepted. The time for the filing of the exceptions was extended to twenty days after certification to the Land Court from the Superior Court as to the final disposition of the case in the Superior Court. No exceptions therefore yet have been allowed in the Superior Court, and the only question now before us is whether that court was right in dismissing the appeals from the Land Court.

We think that the dismissal of the general appeals was right, but that the dismissal of the special appeals was wrong. The statute in regard to appeals from the Land Court provides that "no matters shall be tried in the Superior Court except those specified in the appeal," (St. 1904, c. 448, § 8,) thus requiring the appealing party to specify in his appeal the matters in respect to which he is aggrieved by the order, decision or decree complained of. There was no such specification, by reference or otherwise, in the general appeals and they were therefore rightly dismissed. The case stands differently with respect to the special appeals. The statute makes no provision as to the manner in which the matters to be tried in the Superior Court shall be specified in the appeal; and we think that they may be specified in the issues which the appellant desires to have framed as a part of his appeal, as well, though not so satisfactorily, as by a statement of them in the appeal. Naturally the issues which the appellant desires to have framed will relate to and embody the matters wherein he is aggrieved by the order, decision or decree appealed from, and the reference to and embodying of them in the appeal may well be regarded therefore as a sufficient compliance with the statute. The fact that they are in the form of questions rather than statements is imma-

terial. A question often has the effect of a statement. It is
said in the brief for the tenants that the special appeals are
substantially in the form adopted by the Land Court and ap-
proved by this court. But, however that may be, we are of
opinion for the reasons given that the special appeals were
wrongly dismissed. In the case of *Luce* v. *Parsons*, 192 Mass.
8, relied on by the demandant the question was whether the
issues which had been framed in the Land Court could be
amended in the Superior Court. The question now presented
did not arise. The same is true of *Jeffery* v. *Winter*, 190 Mass.
90, also relied on by the demandant. The demandant does not
question the general right of the Land Court to frame issues,
(R. L. c. 128, § 13 ; St. 1902, c. 458,) and it is plain that a party
may be aggrieved by and appeal from a judgment of that court
in respect to a matter concerning which he has introduced no
evidence, or after he has been defaulted or nonsuited. *Holman*
v. *Sigourney*, 11 Met. 436. *Ball* v. *Burke*, 11 Cush. 80. *War-
burton* v. *Gourse*, 193 Mass. 203.

The tenants contend that in a writ of entry they have a gen-
eral right of appeal to the Superior Court from the Land Court
on all questions of law and fact, and that if the statute is to be
construed as limiting their right to a trial by jury to matters
specified in the appeal it is unconstitutional and void. The
right of trial by jury is to be guarded with jealous care. But it
is well settled that the Legislature may make reasonable regu-
lations respecting its exercise. *Foster* v. *Morse*, 132 Mass. 354.
*Holmes* v. *Hunt*, 122 Mass. 505. *Hunt* v. *Lucas*, 99 Mass. 404.
*Jones* v. *Robbins*, 8 Gray, 329. The statute in regard to the
Land Court fully protects the rights of parties to a jury trial by
providing that " every order, decision and decree of the court . . .
whereby any party is aggrieved shall be subject to appeal for a
jury trial on the facts to the Superior Court for the county
in which the land lies to which such order, decision or decree
relates, as to any questions involved therein." R. L. c. 128,
§ 13. St. 1902, c. 458. St. 1904, c. 448, § 8. The provision
that " no matters shall be tried in the Superior Court except
those specified in the appeal " is a reasonable regulation of
the mode in which the right may be exercised. Its natural
effect will or may be to eliminate immaterial matters and thus

to facilitate instead of impede the exercise of the right of trial
by jury.

> *Judgment affirmed in respect of dismissal of general ap-
> peals and reversed in respect of dismissal of special
> appeals.*

*A. A. Wyman,* for the tenants.

*H. Parker,* for the demandant.