JOHN T. FARNHAM & another *vs.* LENOX MOTOR CAR COMPANY.

SAME *vs.* DANIEL S. HOWARD, JR., & others.

Plymouth. Suffolk.    November 22, 1917. — February 28, 1918.

Present: RUGG, C. J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Constitutional Law*, Right to trial by jury. *Jury and Jurors. Practice, Civil*, Auditor. *Rules of Court. Waiver.*

It here was *pointed out* as manifest that an ordinary action of contract is a controversy concerning property, for which the right to a trial by jury is assured by art. 15 of the Declaration of Rights.

The provision of Rule 31 of the Superior Court, relating to auditors, that "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary," is not in conflict with the right to a trial by jury as guaranteed by art. 15 of the Declaration of Rights, and, where it appears that a trial by jury has been claimed seasonably by a party to an action and is insisted on by such party, and where there is a real issue of fact to be tried, a cause is shown under the rule why judgment should not be entered on the auditor's report.

Where in an action of contract the defendant has claimed seasonably a trial by jury and the case is referred to an auditor who makes a finding for the plaintiff, if the plaintiff moves under Rule 31 of the Superior Court for the entry of judgment on the auditor's report and the defendant opposes this motion and insists on his right to a trial by jury and there is nothing to show that the defendant may not produce at the trial evidence to controvert the auditor's report and overcome the finding of the auditor, the trial judge has no power to grant the plaintiff's motion for the entry of judgment.

In the case in which the point above stated was decided, it was *pointed out* that assent to the appointment of an auditor or a failure to object to such a reference is not a waiver of a claim for a trial by jury which already has been filed seasonably.

TWO ACTIONS OF CONTRACT, the first against the Lenox Motor Car Company, a corporation, for alleged breaches of contract in failing to accept and pay for work and materials furnished by

the plaintiff under four contracts in writing and two oral contracts, and the second by the same plaintiffs against Daniel S. Howard, Jr., and others upon a guaranty in writing of performance by the Lenox Motor Car Company of the contracts sued upon in the first action.    Writ in the first case in Plymouth County dated November 17, 1916, and writ in the second case in Suffolk County dated July 1, 1915.

The defendants in both actions seasonably claimed a trial by jury.    Thereafter by agreement the cases were referred to an auditor under Rule 31 of the Superior Court "to hear the parties, to examine their vouchers, to state the accounts and file his report thereon to the court."    Thereafter the auditor filed "an elaborate report in each case dealing with all matters in issue covering respectively thirty-six and forty-one pages."    He found for the plaintiffs in both cases, in the first case, against the Lenox Motor Car Company, in the sum of $13,341.97, and in the second case, against Daniel S. Howard, Jr., and others, in the sum of $10, 000, which was the limit of the guaranty, with interest from the date of the writ.

The cases were heard together by *Fox*, J.    The report of the judge contained the following statement: "The records do not show that the defendants in either case took any exceptions to rulings made by the auditor, or to either of the reports or moved to·have either report recommitted or reviewed, other than " a contention that the plaintiffs had no right to recover against the guarantors until the liability of the Lenox Motor Car Company had been liquidated and that the action against the guarantors was brought prematurely.

The plaintiffs made a motion in each case under Rule 31 of the Superior Court for judgment to be entered according to the auditor's report.    Thereupon the judge made in each case the ruling which is quoted in full in the opinion, and denied the motions.    The judge, being of opinion that these interlocutory orders made by him ought to be determined by this court before any further proceedings in the Superior Court, with the consent of the parties reported the cases for such determination.

*Lee M. Friedman*, (*L. B. King* with him,) for the plaintiffs.

*F. J. Muldoon*, for the defendants.    Captain *G. W. Reed*, who assisted in the preparation of the brief, was absent on military service at the time of the argument.

RUGG, C. J.  These are actions at law sounding in contract. The defendants in each action seasonably claimed a trial by jury. Subsequently the cases were referred to an auditor, before whom a full hearing was had.  His report was elaborate, covering in detail every issue.  No exceptions were taken to rulings made by the auditor.  St. 1914, c. 576, § 2.  No motion was made to recommit and no objection was made except that questions of law were raised going to the root of the plaintiffs' claim in the Howard case.  Thereupon the plaintiffs moved in each case for judgment to be entered according to the auditor's report.  These motions were founded upon Rule 31 of the Superior Court, which, after regulating with some particularity proceedings before auditors, provides that "On the coming in of the auditor's report, either party may move for entry of judgment according to said report; and the court, thereupon, shall order such judgment to be entered, unless, within a time stated, cause appears or is shown to the contrary.  If cause appears or is shown, the court may hear the parties and frame appropriate issues for the court or jury, upon which the trial shall be had."  The following ruling was made upon these motions: "Upon the hearing of these motions it appeared. that the defendants were not content with the findings of the auditor, and insisted upon their right of trial by jury, and thereupon I ruled as matter of law that I had not power to order judgment, but that in the exercise of my discretion I should order judgment in these cases if I had the power."

This ruling was correct.  Article 15 of the Declaration of Rights of our Constitution is in these words: "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred, unless, in causes arising on the high seas, and such as relate to mariners' wages, the Legislature shall hereafter find it necessary to alter it."  It is manifest that the ordinary action of contract is a controversy concerning property, in which trial by jury commonly was had as of right at the time of the adoption of the Constitution.  It was not one of those excepted causes in which it had theretofore "been otherways used and practised."  *Stockbridge* v. *Mixer*, 215 Mass. 415.  The case at bar in this respect is distinguishable

from *Ashley* v. *Three Justices of the Superior Court,* 228 Mass. 63, 73. It belongs to the class of cases, therefore, where under the Constitution trial by jury must ·be held sacred and jealously guarded against every encroachment. The power of the Superior Court is ample to make rules regulating practice and procedure, expediting the trial of causes and the general conduct of its business, and such rules are to .be respected and enforced. R. L. c. 158, § 3. *Pratt* v. *Pratt,* 157 Mass. 503, 505. *Cram* v. *Moore,* 158 Mass. 276. *Norwood* v. *Dodge,* 215 Mass. 351. But of course such rules cannot override the Constitution.

The right to trial by jury may be regulated as to its method of claiming and mode of exercise in a large variety of aspects. The history of the changes in trial by jury since the Constitution is traced somewhat in *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 472, 473. The decisions there are reviewed and the statutes summarized. What there is said need not now be repeated. See also *Mead* v. *Cutler,* 194 Mass. 277; *Commonwealth* v. *Gloucester,* 110 Mass. 491, 496; *Gavett* v. *Manchester & Lawrence Railroad,* 16 Gray, 501, 506. Doubtless the power of regulation of the non-essential attributes of trial by jury has not been exhausted. Statutes, going further in this direction than any of our own, have been upheld in other jurisdictions. *Williams* v. *Gottschalk,* 231 Ill. 175. *Morrison Hotel & Restaurant Co.* v. *Kisner,* 245 Ill. 431. *Randall* v. *Kehlor,* 60 Maine, 37. *Humphrey* v. *Eakeley,* 43 Vroom, 424. *Jones* v. *Spear,* 21 Vt. 426. *Smith* v. *Western Pacific Railway,* 203 N. Y. 499. No one of our statutes or decisions touches or impairs in any degree the substance of that right. The essence of that right is that controverted facts shall be decided by the jury. Each party must have on proper demand at least one fair opportunity to present to the jury the evidence which raises a disputed issue of fact.

The rule of court here in question must be interpreted in the light of these established principles. It cannot be presumed that the justices of the Superior Court in framing this rule intended to deny the right to trial by jury which underlies all our common law. It easily may be construed in harmony with that right. A sufficient "cause appears or is shown" why judgment should not be entered in accordance with the auditor's report as those words are used in the last sentence of the rule, if it is made manifest

that a trial by jury has been seasonably claimed by either party and is insisted on by such party, and there is a real issue of fact to be tried. Great preponderance of the apparent weight of testimony will not warrant a denial of trial by jury provided there is seemingly enough to require a submission of the case to the jury under the familiar principles.

By giving to the rule the interpretation urged by the plaintiffs the constitutional right of trial by jury would be denied by the portion of the rule here assailed. Instead of preserving trial by jury as a fixed right, it would be made to depend upon the discretion of the judge. A rule of that tenor would not recognize nor hold sacred an absolute right.

Doubtless it would be within the province of the court under the rule to require the parties to state the substance of the evidence which each expected to offer at the trial, and to ascertain whether there was upon such statement any disputed question of fact or any fact to be found either directly or by inference; and also in appropriate instances to frame questions, answers to which would settle such disputed fact or facts. Of course great care must be exercised in the use of this power and the fullest opportunity given to parties to make a complete statement with the knowledge that it is to be made the basis of a ruling of law upon the rights of the parties. But there is no fundamental objection to a ruling of law made upon a fair statement of what the evidence is expected to be. In reason there is no distinction between a rule of this nature and the well recognized practice of this court in appropriate cases of permitting a ruling to be made on the footing that on the opening statement of counsel to the jury no case is shown in law. *Hey* v. *Prime,* 197 Mass. 474. *Lee* v. *Blodget,* 214 Mass. 374, 377. *Stevens* v. *Nichols,* 155 Mass. 472. This rule prevails generally. *Oscanyan* v. *Arms Co.* 103 U. S. 261, 263, 264. *Butler* v. *National Home for Disabled Volunteer Soldiers,* 144 U. S. 64. *Carr* v. *Delaware, Lackawanna & Western Railroad,* 49 Vroom, 692. *Jordan* v. *Reed,* 48 Vroom, 584. *Barto* v. *Detroit Iron & Steel Co.* 155 Mich. 94. *Hoffman House* v. *Foote,* 172 N. Y. 348. *Hutton* v. *Stewart,* 90 Kans. 602. *Cornell* v. *Morrison,* 87 Ohio St. 215. *St. Paul Motor Vehicle Co.* v. *Johnston,* 127 Minn. 443. See also *Lane* v. *Portland Railway, Light & Power Co.* 58 Ore. 364; *James* v. *Pearson,* 64 Wash. 263.

But it is not the rule in England and some of the States.  *Fletcher* v. *London & North Western Railway,* [1892] 1 Q. B. 122.  *Pietsch* v. *Pietsch,* 245 Ill. 454, 458.  *Haley* v. *Western Transit Co.* 76 Wis. 344.  *Sullivan* v. *Williamson,* 21 Okla. 844.  But it does not appear that this aspect of the rule was invoked in the case at bar, or that the judge based his refusal to order judgment upon any misconception of its force and effect in this particular.

The defendants in the cases at bar have not had their one fair opportunity for the presentation of their evidence to a jury. Therefore, their insistence upon that right cannot be denied them.

The plaintiffs argue with emphasis that oftentimes the sole object of filing a claim to a trial by jury is "a design to obstruct the adverse party's right to obtain justice in the courts 'promptly and without delay.'"  *Stevens* v. *McDonald,* 173 Mass. 382, 384. This circumstance, even if it should be found to exist in some cases, would not warrant deviation from the plain rule of the Constitution.

The analogy to practice respecting the effect given to a master's report in equity does not warrant a departure from the express words of the Constitution respecting cases of law.  Trial by jury has never existed as of right in equity, but is matter of sound judicial discretion.  That branch of jurisprudence embraces, to quote the words of the Constitution as they were employed in 1780, "cases in which it has heretofore been otherways used and practised."  *Parker* v. *Simpson,* 180 Mass. 334, 354.  The finality of a master's findings of fact, when the evidence is not reported, rests upon that constitutional exception.  The advantages which flow from that practice and the reasoning upon which a single trial of facts in equity is sustained, *Parker* v. *Nickerson,* 137 Mass. 487, 493, *Smith* v. *Lloyd,* 224 Mass. 173, afford no support to the validity of a construction of the rule of court now under discussion respecting an action at law, which would permit a judge to deny a trial by jury seasonably claimed as to disputed facts.

The record does not present a case where the defendants offer no evidence in opposition to an auditor's adverse report of unambiguous import, which is clothed by the statute with the force of *prima facie* evidence, and where a verdict should be directed in accordance with the finding.  *Wakefield* v. *American Surety Co.* 209 Mass. 173, and cases collected at page 176.  The cases at bar

had not reached that stage.   It does not appear but that the defendants intend to produce at the trial evidence tending to overcome the case against them shown by the report of the auditor.

The record also is not analogous to the case where, at the conclusion of a trial, there appears to be no substantial evidence, or at most a mere scintilla, and where therefore a verdict may be directed.   *Sprow* v. *Boston & Albany Railroad,* 163 Mass. 330, 341. *Shea* v. *Wellington,* 163 Mass. 364, 372.   *Rainger* v. *Boston Mutual Life Association,* 167 Mass. 109, 110.   *Denny* v. *Williams,* 5 Allen, 1, 5.   *Butterfield* v. *Western Railroad,* 10 Allen, 532, 533. *Hillyer* v. *Dickinson,* 154 Mass. 502, 504.   *Niland* v. *Boston Elevated Railway,* 208 Mass. 476.   The cases had not progressed to the point where this could be determined.

The defendants have not waived their right to a trial by jury. Assent to the reference to the auditor, or failure to object to such reference, is not equivalent to a surrender of the claim for a jury trial which already had been filed seasonably.   If the rule had expressly provided that such conduct should constitute a waiver, a different question might be presented.   Reference to an auditor is an ancient, well recognized and increasingly important step in the disposition of a case.   *Carpenter & Sons Co.* v. *New York, New Haven, & Hartford Railroad,* 184 Mass. 98.   Assent by a party to such reference would not ordinarily work a waiver of other rights not inconsistent therewith.   A constitutional right of the importance of trial by jury commonly would not be held to be lost by an implication of that character.

It does not seem to us that there is anything inconsistent with this conclusion in the decision of *Simmons* v. *Morrison,* 13 App. Cas. (D. C.) 161, rightly interpreted; but, if there is, we are not disposed to follow it.

*Orders denying motion affirmed.*