VICTOR FRATANTONIO *vs.* THE ATLANTIC REFINING
COMPANY.

Worcester.   September 21, 1936. — March 29, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Constitutional Law,* Trial by jury. *Practice, Civil,* Auditor: failure of
party to attend hearing; Jury trial.

The provisions of G. L. (Ter. Ed.) c. 221, § 58, as amended by St. 1932,
c. 40, § 1, constitute a valid regulation of the mode of exercising the
constitutional right to trial by jury in civil actions.

Reported findings by an auditor that the plaintiff neglected to appear
before him without good cause for such neglect, with a recommenda-
tion that judgment be entered for the defendant, warranted, under
G. L. (Ter. Ed.) c. 221, § 58, as amended by St. 1932, c. 40, § 1, the
allowance of a motion for judgment for the defendant notwithstanding
a previous claim by the plaintiff of a trial by jury and his insistence
thereon.

TORT.   Writ in the Superior Court dated December 15,
1931.

Judgment for the defendant was ordered by *Broad-
hurst,* J., upon the auditor's report.   The plaintiff alleged
exceptions.

*Nicholas Fusaro & Nunziato Fusaro,* for the plaintiff,
submitted a brief.

*H. H. Hartwell,* (*R. W. Lewis* with him,) for the defendant.

RUGG, C.J.   The plaintiff in this action of tort for negli-
gence claimed on his writ a trial by jury.   The defendant
in its answer pleaded a general denial and contributory
negligence.   The case was referred to an auditor.   A time
and place for hearing were appointed and notice was sent
to counsel for the parties.   At the time and place appointed,
the counsel for the defendant appeared with witnesses
prepared to go forward with the hearing, but neither the
plaintiff nor his witnesses appeared.   Counsel for the de-
fendant stated to the auditor that he had been informed
by counsel for the plaintiff that the plaintiff, his counsel,

and his witnesses would not be present to prosecute the action. Upon recommittal and without further hearing the auditor prepared and filed a corrected report recommending that judgment be entered for the defendant.* Thereupon the plaintiff again filed his insistence upon a jury trial and his reservation of right to introduce evidence on the issues of the defendant's negligence, the plaintiff's due care, and the plaintiff's damages. He also filed a motion for the postponement of entry of judgment, stating that his case had merit and asking that it be placed on the jury list. The defendant moved for judgment pursuant to the provisions of G. L. (Ter. Ed.) c. 221, § 58. The court denied the plaintiff's motion, but allowed the defendant's motion for judgment. To its action on each motion the plaintiff excepted.

The main contention of the plaintiff is that his right to a jury trial under art. 15 of the Declaration of Rights of our Constitution has been disregarded. That article provides that, "In all controversies concerning property, and in all suits between two or more persons, except in cases in which it has heretofore been otherways used and practised, the parties have a right to a trial by jury; and this method of procedure shall be held sacred," with exceptions not here material. In *H. K. Webster Co.* v. *Mann*, 269 Mass. 381, 385, occurs this statement: "It is familiar law that the right of trial by jury . . . may be regulated as to the mode in which the right shall be exercised so long as such regulation does not impair the substance of the right." In that case a plaintiff who neglected to file a bond in a district court within the statutory period was denied the right of trial to a jury in the Superior Court. In *Bothwell* v. *Boston Elevated Railway*, 215 Mass. 467, judgment was ordered for the defendant by this court after verdict had been rendered for the plaintiff in an action to recover compensation for wrongfully causing death, on the ground that the

---

* The auditor's corrected report closed as follows: "I therefore conclude and find that the plaintiff neglected to appear at said hearing without showing just cause for such neglect. After examining the pleadings in said action and hearing a statement by counsel for the defendant relative to the facts concerned in the action, I closed the hearing. I recommend that judgment be entered for the defendant in said action." — REPORTER.

plaintiff's intestate was not in the exercise of due care, notwithstanding the contention of the plaintiff that so to do would deprive him of his right to a jury trial. Respecting the asserted constitutional right to trial by jury, it was said at pages 472, 473: "This article has been discussed in numerous cases. It has been held that the Legislature may regulate the mode in which the right shall be exercised and that such regulation does not impair the substance of the right. This rule has been applied to statutes requiring as a condition precedent to the trial an affidavit of defense, *Hunt* v. *Lucas*, 99 Mass. 404; the filing of a claim for a trial by jury in order to prevent waiver of the right, *Foster* v. *Morse*, 132 Mass. 354; appeal from decision of tribunal without a jury, *Kenney's case*, 108 Mass. 492; the giving of bail and security for costs on appeal from trial before a magistrate, *Jones* v. *Robbins*, 8 Gray, 329, 341, *Hapgood* v. *Doherty*, 8 Gray, 373; and to statutes changing the rule as to challenges of jurors, *Commonwealth* v. *Dorsey*, 103 Mass. 412; the qualifications of jurors, *Commonwealth* v. *Wong Chung*, 186 Mass. 231, *Commonwealth* v. *Worcester*, 3 Pick. 462, and the weight to be given to evidence, *Holmes* v. *Hunt*, 122 Mass. 505, 516; and restricting the right of the trial judge to set aside a verdict to cases where motion therefor is made and to reasons stated, *Peirson* v. *Boston Elevated Railway*, 191 Mass. 223, 229, *Loveland* v. *Rand*, 200 Mass. 142, *James* v. *Boston Elevated Railway*, 213 Mass. 424. See *Commonwealth* v. *Barry*, 9 Allen, 276." See, also, *Commonwealth* v. *Whitney*, 108 Mass. 5.

In the case at bar the plaintiff has been denied a trial by jury. That result has been caused by the deliberate refusal of the plaintiff to follow the procedural requirements which would have afforded him a trial by jury. Power to appoint auditors "to relieve the courts from making personal examination of details and to simplify and elucidate the issues to be tried" is not open to question. *Lovell* v. *Commonwealth Thread Co. Inc.* 280 Mass. 243, 246. *Holmes* v. *Hunt*, 122 Mass. 505. *Briggs* v. *Gilman*, 127 Mass. 530, 531. *Ex parte Peterson*, 253 U. S. 300. The accomplishment of this result would often be frustrated and the value

of the auditor's report greatly impaired if one party to the case refuses to appear or to participate in the hearing. Such refusal is similar to a failure to answer interrogatories or to file an affidavit of defence, either of which may result in loss of a jury trial without denial of any constitutional right. *Hunt* v. *Lucas,* 99 Mass. 404. *Mead* v. *Cutler,* 194 Mass. 277. *Harding* v. *Noyes,* 125 Mass. 572. The appointment of auditors is a highly useful step in many cases. The value of this method of procedure ought to be preserved under present conditions of litigation. To adopt the contention of the plaintiff would put it in the power of one party to render the hearing before an auditor of little or no value. With respect to hearings before auditors, it is provided by G. L. (Ter. Ed.) c. 221, § 58, as amended by St. 1932, c. 40, § 1, that "If either party neglects to appear at the time appointed for such hearing, or at any adjournment thereof, without just cause, or if at any such hearing either party refuses to produce in good faith the testimony relied on by him, the auditors may close the hearings and make a report recommending that judgment be entered for the adverse party. Judgment shall be entered accordingly at the first judgment day after the expiration of ten days from the filing of the report, unless the court, for cause shown, otherwise orders." This statute constitutes a valid regulation of the right to trial by jury. The General Court in this particular has the authority to make reasonable laws regulating the mode in which the right to trial by jury shall be enjoyed and used so long as the substance of the right is not impaired. *Foster* v. *Morse,* 132 Mass. 354. *Bothwell* v. *Boston Elevated Railway,* 215 Mass. 467, 472, 473, and cases collected. *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, 481. *H. K. Webster Co.* v. *Mann,* 269 Mass. 381, 385. *Commonwealth* v. *Gedzium,* 259 Mass. 453, 460. *Commonwealth* v. *Snow,* 269 Mass. 598, 606. The plaintiff relies upon *Farnham* v. *Lenox Motor Car Co.* 229 Mass. 478, *Sherry* v. *Littlefield,* 232 Mass. 220, *Wheeler* v. *Tarullo,* 237 Mass. 306, and similar cases, where a rule of the Superior Court no longer in existence was under consideration. In each of those cases the plaintiff had not neglected to com-

ply with any statute or rule touching his right to jury trial. Those decisions have no relation to the situation created by the summary provisions of statute governing in the case at bar. The plaintiff might have preserved his right to a trial by jury by complying with the reasonable requirements of G. L. (Ter. Ed.) c. 221, § 58, as amended.

*Exceptions overruled.*