MORRIS HOAR *vs.* ELI GOULDING & another.

Worcester.    October 8, 1874.    COLT & MORTON, JJ., absent.

When a boundary line in a deed is described as running to a railroad and thence by the railroad, and it appears that at the time the deed was made the railroad corporation owned a narrow strip of land contiguous to, but not included in, its original location, there is a latent ambiguity in the description, and extrinsic evidence is required to apply it.

When a case is tried by a judge without a jury, his findings on questions of fact are final.

CONTRACT for breach of warranty. At the trial in the Superior Court, without a jury, before *Brigham*, C. J., the following facts were found : The defendants, by a warranty deed, dated June 5, 1869, conveyed to the plaintiff a lot of land in Worcester, bounded and described as follows : " Beginning one hundred feet northwest from Bloomingdale Road, thence running sixty-nine feet more or less on Ascension Street to the Boston and Albany Railroad, thence turning and running northeast forty-eight feet six inches on the Boston and Albany Railroad; thence turning and running in an easterly direction thirty-two feet on Joyce's land; thence turning and running in a southeasterly direction on John McGill, eighty feet more or less to the first bound mentioned." The plaintiff entered into possession of the premises and was afterwards evicted by the Boston and Albany Railroad of a strip of land forty-eight feet six inches in length and eight feet in width lying next to its road. This strip was not within the original location of the railroad, but was conveyed to it by a deed of Parley Goddard, dated June 12, 1843. The defendants' title to the land conveyed by them to the plaintiff was derived through mesne conveyances from Goddard. The acts of the Boston and Albany Railroad tending to the eviction of the plaintiff were done under its location and the grant from Goddard.

The judge ruled upon the construction of the defendants' deed to the plaintiff, and the facts affecting the location of, and the grant of Goddard to, the railroad, and its acts under such location and grant, that the plaintiff could not maintain the action. The plaintiff alleged exceptions.

*B. W. Potter & G. H. Ball*, for the plaintiff.

*F. T. Blackmer*, for the defendants.

GRAY, C. J. The question whether the railroad, mentioned as a boundary in the deed sued on, was the strip of land owned by the railroad corporation, according to the original location and the apparent occupation, or according to the present legal title, was a latent ambiguity, requiring extrinsic evidence to apply it. *Putnam* v. *Bond*, 100 Mass. 58. The judgment of the Superior Court, involving a decision of that question of fact, is therefore conclusive. *Backus* v. *Chapman*, 111 Mass. 386. *Sweetland* v. *Stetson*, 115 Mass. 49. *Exceptions overruled.*