SUE MACDONALD *vs.* GEORGE H. MORRILL & others.

Norfolk. November 11, 1890. — September 1, 1891.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & MORTON, JJ.

*Deed — Boundary — " River " — Latent Ambiguity.*

A landowner on the north side of N. River — about five years after a new channel somewhat north of the original and natural channel of the river, which formed a bow, had been cut by a third person through the land, forming a chord to the bow — conveyed his land bounding it "southerly by the N. River," and afterwards such third person took possession of the small parcel between the chord and the bow. Some water still ran in the old channel at the time of the conveyance, but the thread of the stream was in the new channel. *Held,* on a writ of entry

by the grantee against such third person to recover such intervening parcel, that the jury would be warranted in finding that the boundary in the deed referred to the old channel.

WRIT OF ENTRY, to recover a parcel of land in Norwood. Trial in the Superior Court, before *Pitman*, J., who ordered a verdict for the tenants, and reported the case for the determination of this court. The facts appear in the opinion.

The case was argued at the bar in November, 1890, and afterwards, in June, 1891, was submitted on the briefs to all the judges except *Lathrop* and *Barker*, JJ.

*C. D. Adams*, for the demandant.

*A. B. Wentworth*, for the tenants.

HOLMES, J. This is a writ of entry for a piece of land lying between the present and the former channel of the Neponset River. The former channel was a bow, the present is a straight line making a chord of the bow. The demandant's grantor owned land north of the river, including the demanded premises, and conveyed to the demandant a tract bounded " southerly by the Neponset River." The point in dispute at the trial was whether the demandant took to the old or only to the new channel. The tenants owned land south of the river, and the demandant's evidence was that before the conveyance to her they had dug the present channel through the land of the grantor, and that after the conveyance and before the date of the writ they took possession of the demanded premises.

The demandant admitted that the thread of the stream was in the present channel at the time she took her deed, but asked for a ruling that, if the present channel was an artificial one, which was dug by the tenants, and into which they had diverted the stream from its natural course, her line extended to the old and natural channel. The presiding judge declined so to rule, ruled that the demandant's boundary line was the Neponset River as it ran at the time of the deed, no matter how it came to run so, and, as the demandant did not wish to go to the jury if this ruling was correct, directed a verdict for the tenants, and reported the case.

We are apprehensive that the ruling did injustice to the demandant. It appears from the evidence that water still ran in the old channel, and that the new one had been cut only about

five years.  The meaning of the deed is not so fixed and certain that it might not be altered by circumstances.  The language could be used to signify the old stream without perversion.  It is to be inferred from the bill of exceptions that the demandant's grantor owned no land on the other side of the old stream adjoining the parcel in controversy, and therefore that he had no access to it unless he should be held to have reserved by implication a way of necessity over the granted premises.  It would seem from the writ that the strip in question is so small as to be of little value to the demandant's grantor.  It is one hundred and fifty feet on the river, and fifty feet at the widest point between the arc and the chord.  The grantor seems not to have claimed it. If these are the facts, and all the facts, the demandant was entitled to the ruling she asked, or at least there was such a latent ambiguity that the jury would have been warranted in finding that the deed meant the river *de jure,* so to speak, and not the river *de facto.*  See *Waterman* v. *Johnson,* 13 Pick. 261, 267 ; *Gerrish* v. *Towne,* 3 Gray, 82, 88, 89 ; *Paine* v. *Woods,* 108 Mass. 160, 171 ; *Emery* v. *Webster,* 42 Maine, 204 ; *Hill* v. *Evans,* 4 DeG., F. & J. 288, 293, *et seq.; S. C.* 31 L. J. Ch. 457, 460, *et seq.; Betts* v. *Menzies,* 10 H. L. Cas. 117, 152, 153, 154 ; *Bischoff* v. *Wethered,* 9 Wall. 812, 816 ; *Altham's case,* 8 Co. Rep. 150 b, 155 b.                              *New trial ordered.*