HENRY W. HUNT *vs.* COMMONWEALTH.

Norfolk.   January 15, 1903. — May 21, 1903.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, & BRALEY, JJ.

*Way.*

A way laid out by a town in 1798 over a bar, above mean high water and covered by the sea only during the high courses of tides, does not cease to exist because, partly by the artificial removal of gravel and partly by the action of the great storm of 1851, the surface of the land over which the way was laid out has been lowered, so that since that year it has been below high water mark.

PETITION, filed February 27, 1901, for damages for the taking by the metropolitan sewer commissioners under St. 1899, c. 424, of Nut Island in Quincy Bay, connected with Great Hill or Hough's Neck by a bar of sand and gravel about seven hundred feet long covered by the sea at high tide.

At the trial in the Superior Court before *Sherman*, J., the jury

found that the fair market value of Nut Island at the time of the taking on November 3, 1900, assuming that there was a right of way over the bar to it, was $9,054.37, and that assuming that there was no such right of way the value was $5,487.50. The judge ruled that a right of way to Nut Island existed, and that the petitioner was entitled to the larger amount with interest from the date of the verdict. He directed a verdict accordingly, and reported the case upon agreed facts and the findings of the jury for determination by this court. If the ruling was correct, judgment was to be entered on the verdict for the larger sum ; otherwise, for the smaller sum, with interest in either case from June 18, 1902.

*H. W. Putnam,* for the plaintiff.

*R. G. Dodge,* Assistant Attorney General, for the Commonwealth.

HAMMOND, J.   It appears from the statement of agreed facts that at the time of the proceedings in 1793 to lay out a way, the level of the bar connecting the mainland with the island so called, over which the way was laid out, was above that of mean high water and was covered by the sea only during the high courses of tides. The proceedings therefore were not beyond the jurisdiction of the town, and the way appears to have been legally established. *Storer* v. *Freeman,* 6 Mass. 435, 439. *Commonwealth* v. *Charlestown,* 1 Pick. 180, 182. *Commonwealth* v. *Roxbury,* 9 Gray, 451, 483, 491, and the authorities cited in the reporter's note, p. 503, *ad finem.* See also *Commonwealth* v. *Weiher,* 3 Met. 445.

That way still exists in law, notwithstanding the fact that partly by the artificial removal of gravel and partly by the great storm of 1851, the surface of the land over which the way was laid out has been lowered so that since 1851 it has been below high water mark. See authorities cited in Gould on Waters, §§ 158, 159. See also *Hopkins Academy* v. *Dickinson,* 9 Cush. 544. *Macdonald* v. *Morrill,* 154 Mass. 270. The result is that the ruling that there was a way from the island to the mainland was correct. The conclusion to which we have come upon this part of the case makes it unnecessary to consider the other grounds upon which it was claimed by the plaintiff that there was a way.

*Judgment on the verdict for the larger sum.*