CHARLES W. LUCE *vs.* CHARLES P. PARSONS & others.

Essex.   February 26, 1906. — May 17, 1906.

Present: KNOWLTON, C. J., MORTON, LATHROP, HAMMOND, & SHELDON, JJ.

*Land Court. Superior Court. Practice, Civil,* Appeal. *Adverse Possession. Evidence,* Competency, Declarations of deceased persons, Declarations concerning boundaries, Opinion: experts.

Under R. L. c. 128, § 13, as amended by St. 1902, c. 458, St. 1904, c. 448, and St. 1905, c. 288, on an appeal to the Superior Court from a decree of the Land Court, if the issues framed in the Land Court are found in the Superior Court to be inadequate properly to present all the matters specified in the appeal, *semble,* that the Superior Court has power, on the application of a party, to modify or enlarge the issues relating to the matters specified, although the Superior Court would not be expected to frame additional issues or to change existing issues without very good reasons for doing so.

When an appeal to the Superior Court from a decree of the Land Court specifies no matters which are not adequately presented by the issues framed by the judge of the Land Court no questions of fact other than those raised by the issues can be tried on the appeal.

One proving a title by adverse possession may include the possession of his predecessor in title which has been transferred to him.

On the issue, whether the possession of one who claimed certain land under a deed and that of his predecessor in title were adverse, it is competent for the person making such claim to show that he paid $9,000 for the land, that his predecessor in title and possession brought an action for trespass against a street railway company for constructing its railway over a part of the land, and that this same predecessor built a cottage upon the land which cost him about $1,200.

On the question, whether the possession of a deceased predecessor in title of one
claiming certain land was adverse, the person claiming the land may put in
evidence, under R. L. c. 175, § 66, the declarations of his deceased predeces-
sor as to his occupation of the land, and his declarations made on the land in
pointing out the boundaries claimed by him, the last also being competent at
common law.

At the trial of a petition for the registration of the title to certain land, a convey-
ancer who has examined the title to the land in question cannot be asked by the
respondent whether or not in his opinion the petitioner can be said to have a
good title to all the land included in the petition, or whether his record title is
good only so far as it relates to the share or portion which belonged originally
to a certain person, the question apparently calling for the opinion of the
witness on questions of law as well as on incompetent questions of fact.

PETITION, filed in the Land Court on February 16, 1904, for
the registration of the petitioner's alleged title to the westerly
portion of Brier Neck, formerly called Salt Island Neck, in
Gloucester.

The petitioner claimed under certain deeds and also by the
adverse possession of himself and his predecessors in title. In
the Land Court *Davis*, J. found for the petitioner, and the
respondents appealed to the Superior Court. The issues framed
in the Land Court by *Davis*, J. for the appeal were as follows :

" 1. Is the land claimed by the petitioner the same land, in
whole or in part, as that described in the deeds under which he
claims to hold his record title ?

" 2. Has the petitioner any title to the land claimed by him
in this case, either in whole or in part, acquired by prescription
or adverse possession ?

" 3. If each of the preceding issues is answered in the nega-
tive, Is there a public highway by prescription over the westerly
end of said land ? "

There were other issues numbered 4 and 5, which were " al-
lowed if material " and afterwards in the Superior Court with
the consent of the parties were ruled to be immaterial. The
third issue, quoted above, was answered by the jury in the
affirmative by direction of the judge, all the parties having con-
ceded the existence of such a way.

In the Superior Court the issues were tried before *Aiken*,
C. J. The deeds referred to in the first issue consisted of a
chain of deeds duly recorded, beginning with a deed of Eleazer
Grover, administrator of the estate of Jeremiah Parsons, to Wil-

liam Grover, dated September 30, 1776, and a deed of William Grover to Eleazer Grover of the same date, and running down to the petitioner.

Immediately after the opening for the petitioner, the counsel for the respondents asked the Chief Justice to rule that under the statutes the respondents were entitled to have all questions of fact tried by the jury, and were not limited to the questions raised by the issues framed by the associate judge of the Land Court.

The Chief Justice refused to rule as requested, and ruled that the only issues to be tried were those raised by the issues so framed, and the respondents excepted.

The rulings of the Chief Justice in regard to the admission and exclusion of evidence which were excepted to by the respondents are indicated sufficiently in the opinion.

The Chief Justice ordered the jury to answer the first issue in the affirmative, and the respondents took no exception to this ruling.

The second issue was submitted to the jury under instructions not excepted to, and the jury answered this issue in the affirmative.

The respondents alleged exceptions to the ruling of the Chief Justice that the questions of fact to be tried were limited to those raised by the issues framed by the judge of the Land Court, and to the rulings as to the admission and exclusion of evidence referred to above and in the opinion.

*S. H. Tyng, J. A. Harris & E. M. Bennett*, for the respondents.
*H. T. Lummus & C. N. Barney*, for the petitioner.

KNOWLTON, C. J.  The exceptions presented by this bill were taken at a trial in the Superior Court, on an appeal from the Land Court upon a petition for the registration of a title. The questions at the trial were many and complicated, having reference to titles which the respective parties sought to establish under a grant from the town of Gloucester, made in 1707, of a neck of land lying on the sea.  There was also a claim by adverse possession.  The questions of law now to be considered are few and simple.

Immediately after the beginning of the trial the respondents asked the judge to rule that they were entitled to have all questions of fact tried by the jury, and were not limited to the ques-

tions raised by the issues framed by the judge of the Land Court. The judge refused the ruling and the respondents excepted.

By the R. L. c. 128, § 13, as amended by the St. of 1902, c. 458, it is provided that, upon an appeal from the Court of Land Registration to the Superior Court, issues shall be framed in the Court of Land Registration. It also is provided that "no matters shall be tried in the Superior Court except those specified in the appeal." In the St. of 1904, c. 448, which enlarges the jurisdiction of the Court of Land Registration, and changes its name to the Land Court, there are the same provisions. The appeal provided for in this act is an "appeal for a jury trial on the facts." The St. of 1905, c. 288, makes all appeals from the Land Court to the Superior Court "appeals for a jury trial on the facts." It requires the judge of the Land Court, when such an appeal is taken, to file in the Superior Court a full report of his decision, and all the facts found by him, so far as they relate to any of the questions involved in the appeal, and makes his report *prima facie* evidence at the trial in the Superior Court. As no matters can be tried in the Superior Court except those specified in the appeal, and as the judge of the Land Court is to frame issues for the trial, a question arises whether, if these issues are found insufficient properly to present all the matters specified in the appeal, it is in the power of the Superior Court, on application of a party, to frame additional issues relating to the matters so specified. Although the statute is silent on this point, we think it would be too strict a rule to hold that there is no power in the Superior Court to modify or enlarge the issues, if it should plainly appear that they are not adequate properly to present the matters specified in the appeal. The statute requires the judge of the Land Court to frame these issues, because, from the trial of the case, he would be expected to know better than any one else what questions should be presented to a jury for the determination of the matters involved in the appeal. For this reason, we should expect that the Superior Court would not frame additional issues, or change the existing issues, except for very good reasons. But the appeal to the Superior Court leaves the Land Court with no power to allow amendments of the issues after the appeal is entered in

the Superior Court, and as there is no prohibition of the Superior Court against allowing such amendments, we see no good reason for saying that the issues cannot be amended in the Superior Court. These issues are for the purpose of settling the matters specified in the appeal, and there should be power, at any time, to adapt them to these matters by a change of form if necessary.

On the other hand, the appeal states the whole case for a jury trial on the facts, and thus determines the jurisdiction of the Superior Court. By the express terms of the statute, the Superior Court can deal with no matters except those specified in the appeal.

As the appeal in the present case was, by its language, limited to the matters which appear in the issues filed with it for the trial in the Superior Court, the jurisdiction given by the appeal was no broader than the statement in the issues. The request for a ruling was therefore rightly refused.

The other exceptions all relate to questions of evidence. The testimony of the petitioner, that he paid $9,000 for the land, was a fact proper to be considered, as bearing on the question whether his possession was adverse, and under a claim of right. For the same reason proof that his predecessor in title and possession brought an action for trespass against the Gloucester Street Railway Company, for constructing its railway over a part of the land, was competent. So also was the testimony of this same predecessor that, while he held the land under a deed, he built a cottage upon it, which cost him about $1,200. See *Wishart* v. *McKnight*, 178 Mass. 356 ; *Jordan* v. *Riley*, 178 Mass. 524. Declarations of a former occupant of the property, now deceased, who then claimed under a deed, were testified to by different witnesses.* These were all competent under the R. L. c. 175, § 66. *Dixon* v. *New England Railroad*, 179 Mass. 242, 246. *Stocker* v. *Foster*, 178 Mass. 591, 602. Some of them were also admissible at common law. See *Daggett* v. *Shaw*, 5 Met. 223 ; *Wood* v. *Foster*, 8 Allen, 24.

The question put by the respondents to the conveyancer who

* Some of the declarations were made on the land by the former occupant, who was a predecessor in title of the plaintiff, in pointing out the boundaries claimed by him. Other declarations related to his occupation of the land.

had examined this title, as to whether or not in his opinion "the petitioner could be said to have a good title to all the land included in the description in the petition or whether his record title is good only so far as it relates to the share or portion which belonged originally to Jeremiah Parsons," was rightly excluded. Seemingly it called for the opinion of the witness on questions of law, as well as on questions of fact, on neither of which was his opinion competent.

*Exceptions overruled.*