WILLIAM H. DUNBAR, trustee, *vs.* KATHERINE KRONMULLER
& others.

Suffolk.　January 7, 1908. — May 20, 1908.

Present: KNOWLTON, C. J., HAMMOND, LORING, SHELDON, & RUGG, JJ.

*Land Court,* Issues.

After the hearing before a judge of the Land Court of a petition for the registra-
tion of the title to four parcels of land, the judge found that one M. had married
a second time and thereafter had purchased the four parcels of land in question,
three of which had been conveyed by the person from whom M. bought them
directly to M.'s second wife, and the fourth to himself; that later he conveyed
the fourth parcel, through a third person, to his second wife; that thereafter he
died and, after him, his wife, both of them being intestate. The respondents
were children of M.'s first wife, and contended that evidence introduced by them
rebutted the presumption of a gift of the land by M. to his second wife. The
judge, however, found that the presumption was not so rebutted. From such
finding the respondents appealed and presented to the judge of the Land Court
for allowance as an issue of fact to be tried in the Superior Court before a jury,
"Whether M.'s second wife, subsequent to the dates of the conveyances to her,
claimed to third persons and to M. in the presence of third persons that she had,
by her own earnings, acquired the properties in question." The judge refused
to allow the issue on the ground that it was immaterial. *Held,* that the refusal was
right for the reason given, because, even if the jury should find in the respondents'
favor upon the issue presented, the fact so found would be only evidence tending
to rebut the presumption of a gift, and would not as a matter of law rebut it.

PETITION for registration of the title to certain land in the
Roxbury District of Boston, filed in the Land Court October 4,
1906.

After a trial before *Davis,* J., there was a finding for the
petitioner, from which the respondents appealed and presented
for allowance by the judge of the Land Court the issue stated
in the opinion, and he made the. following memorandum and
decision:

"On the presentation by the respondents of a claim of appeal
and an issue framed to try this question of fact, coupled with an
offer of proof by evidence not offered before me, the petitioner
requested me to rule that the issue presented is not in regard to
a matter as to which the respondents were aggrieved by my de-
cision, for the reason that, even if the fact was found on jury
trial to be as claimed by the respondents, there would not as

matter of law be a resulting trust in the demanded premises in favor of the heirs of said Michael, and as matter of law the petitioner would still be entitled to a decree for registration as previously ordered.

" In this case I rule, as requested by the petitioner, that the respondents are not parties aggrieved by the decision from which they are appealing, as to the matter specified by their claim of appeal and proposed issue thereon to the Superior Court, for the reason that, if there should be a finding after jury trial in favor of their contention, there still, on all the facts in this case, would be no resulting trust in the properties in question in favor of the heirs of Michael Malady, and as matter of law the petitioner would be entitled to a decree for registration."

The respondents excepted. Other facts are stated in the opinion.

*J. H. Kenney,* for the respondents.

*J. B. Studley,* for the petitioner, was not called upon.

LORING, J. This case comes before us on an exception taken by the respondents to the refusal of the Land Court to allow an issue of fact presented to it by them on their appeal from a decision in favor of the petitioner.

The facts found by the judge of the Land Court were as follows: In 1854, one Michael Malady married a second time. The name of his second wife was Ellen Roach. He bought with his own funds one of the tracts of land here in question in 1866, another in 1870, another in 1876, and the fourth in 1877. The first, second and fourth were conveyed by the vendor to Ellen who was described in the deed as wife of Michael. The third was conveyed by the vendor to Michael and was by him conveyed in 1883 to his wife Ellen through a third person. Michael died intestate in 1897. Subsequently the second wife died, also intestate, and her heirs conveyed the four tracts here in question to the petitioner, who took with notice. The respondents are a daughter and the daughter of a deceased daughter of Michael by his first wife. Their contention in the Land Court was that the presumption of a gift by Michael to his second wife was rebutted by the evidence introduced by them. The Land Court found that it was not, and ordered a decree for the petitioner.

From this order the respondents took an appeal and presented

to the Land Court the following issue of fact as the issue which they wished to try on their appeal, namely: " Whether Ellen J. Malady subsequent to the dates of the conveyances to her, claimed to third persons, and to her husband in the presence of third persons, that she had, by her own earnings, acquired the properties in question." The judge of the Land Court refused to allow the issue in substance because it was immaterial, and to this the respondents took the exception which is now before us.

By St. 1905, c. 288, all appeals from the Land Court to the Superior Court must be for a jury trial on the facts.

The practice in case of such appeals is regulated by St. 1904, c. 448, amending St. 1902, c. 458, and R. L. c. 128, § 13. Under these acts it is the duty of the judge of the Land Court to frame the issues of fact to be tried, (Knowlton, C. J., in *Luce* v. *Parsons*, 192 Mass. 8, 11,) although issues allowed by him may be amended in the Superior Court. *Luce* v. *Parsons*, *ubi supra*.

We are of opinion that the issue tendered by the respondents was immaterial.

The argument of the respondents here is founded on a misapplication of the cases of *Persons* v. *Persons*, 10 C. E. Green, 250 ; and *Peterson* v. *Farnum*, 121 Mass. 476. What the respondents ought to have done if they wished to invoke the authority of these cases was to have asked the judge of the Land Court to allow the following as the issue of fact on which this appeal was to be tried in the Superior Court, namely: Was it the intention of Michael to make a gift of the four tracts in question to his second wife?

The facts stated in the issue framed by the respondents would perhaps have been evidence against the petitioner on that issue, but they are not the issue to be tried.

The order made by the Land Court was not in form although it was in substance an order refusing to allow the issue presented by the respondents. It should have been in that form, and we treat it as such an order.

*Order disallowing issue presented by the respondents affirmed.*