MANUEL DE PONTA *vs.* PATRICK DRISCOLL.

Bristol.   October 27; 1908. — November 24, 1908.

Present: KNOWLTON, C. J., MORTON, LORING, SHELDON, & RUGG, JJ.

*Boundary.*

Where at the trial in the Superior Court, on an appeal from the Land Court, of an issue framed by a judge of the Land Court, as to the location of the boundary line between the adjoining premises of the demandant and the tenant in a writ of entry as marked by a former fence, the tenant introduces in evidence the report in his favor of the judge of the Land Court, which by St. 1905, c. 288, is made *prima facie* evidence, and also introduces other evidence, to show that the fence was where he says it was, and the demandant introduces evidence to show that the fence was where he says it was, the question is purely one of fact and it cannot be ruled as matter of law that the demandant is entitled to a verdict in his favor.

WRIT OF ENTRY in the Land Court dated October 8, 1906, to recover a triangular strip of land occupied by the tenant, the adjoining premises of the demandant and the tenant at the corner of Stafford Road and Grinnell Street in Fall River both having been purchased in 1871 by one Nathan Law, who in July, 1875, sold to the tenant his lot, and later sold to one Winn the adjoining lot, which Winn sold to the demandant.

In the Land Court the case was tried before *Davis,* J., who ruled as matter of law that the tenant took title under his deed from Nathan Law of July 9, 1875, to the line of the easterly fence then standing, extended to Grinnell Street.   His finding was as follows: " I find that said fence stood substantially on the line of the present fence, and I therefore find for the tenant." The demandant appealed.   The judge filed a report of his decision in compliance with St. 1905, c. 288.

In the Superior Court the appeal was tried before *White,* J., upon the issues framed by the judge of the Land Court, which are printed below.   The character of the evidence is described in the opinion.   On all the evidence the demandant asked the judge to rule that he was entitled to recover the triangular strip of land.   The judge refused to make this ruling, and submit-

ted the issues to the jury to which they returned answers as follows:

" 1. What was the location of the easterly boundary fence referred to in the deed from Nathan Law to the tenant of July 9, 1875, with reference to the location of the present easterly fence of the lot occupied by the tenant?"

The jury answered: " The location of the easterly boundary fence referred to in the deed from Nathan Law to the tenant, of July 9, 1875, coincided with the location of the present easterly fence of the lot occupied by the tenant."

" 2. If the location of the 1875 fence differed from the location of the present fence, has title to the land between the lines of location of said fences been acquired by prescription by either party, and if so by which?"

The jury answered: " No rights by prescription have been acquired by either party."

The demandant alleged exceptions to the refusal of the judge to make the ruling requested by him.

*D. R. Radovsky,* for the demandant.

*C. R. Cummings & J. Little,* for the tenant, were not called upon.

MORTON, J. The only exception in this case is to the refusal of the judge to instruct the jury, as requested by the demandant, that he was entitled to recover the triangular piece of land, which, as the case finally went to the jury, was all that there was in dispute between the parties. Whether the demandant or the tenant was entitled to this piece of land depended on where the east line of the tenant's lot and the west line of the demandant's lot was, the two being coincident. This presented a question of fact to be determined according to the evidence. The judge of the Land Court found that the line was where the tenant contended that it was and that the demandant was not entitled to the triangular piece or any part of it. The report of the Land Court, which is made *prima facie* evidence by statute (St. 1905, c. 288) of the facts found so far as they relate to or bear upon any of the questions raised, was introduced by the tenant. There was also other evidence introduced by the tenant tending to show that the line was where he contended that it was, as well as evidence introduced by the demandant tending to show that it was where

he contended that it was.    The question thus presented was, as already observed, entirely one of fact for the jury.    It could not be ruled as matter of law that the demandant was entitled to a verdict in his favor.

*Exceptions overruled with double costs.*