JOSEPH WEEKS *vs.* SARAH L. BROOKS & others.

Suffolk. January 24, 1910. — May 16, 1910.

Present: KNOWLTON, C. J., MORTON, HAMMOND, LORING, BRALEY, SHELDON, & RUGG, JJ.

*Land Court*, Appeal. *Superior Court. Constitutional Law*, Right to trial by jury.

Upon a petition in the Land Court for registration of title, after a decree for the petitioner has been entered in that court and the respondent has claimed an appeal to the Superior Court under St. 1904, c. 448, § 8, if the issues presented by the respondent for trial in the Superior Court are disallowed by the judge of the Land Court, the appeal has not been perfected and the Superior Court has not acquired jurisdiction, so that a motion in the Superior Court for the framing of issues must be denied and a motion in that court to dismiss the appeal must be granted.

Where the title to real property is put in issue in a proceeding at law, a trial by jury is not a privilege to be granted in the sound discretion of the court, as it is in the case of a probate appeal or of issues in a suit in equity, but is a right guaranteed by the Constitution.

If, at the trial in the Land Court of a petition for registration of the title to certain · land, the boundaries of the land as described in the deeds conveying it cannot be ascertained without extrinsic evidence both documentary and oral, and the petitioner puts in such extrinsic evidence in support of his contention, the respondent by leaving this evidence uncontradicted does not lose his right to have the issues of fact presented to a jury, and, if upon the evidence of the petitioner the trial judge gives a judgment for the petitioner, from which the respondent appeals to the Superior Court and presents issues relating to the boundaries for trial before a jury in the Superior Court, and the judge of the Land Court disallows the issues on the ground that no questions of fact are involved, the respondent is aggrieved by such ruling and decision, which violate his constitutional right to have the issues of fact submitted to a jury, and exceptions alleged by him will be sustained.

Where, on an appeal to the Superior Court from a decree of the Land Court under St. 1904, c. 448, § 8, the appellant presents issues of fact for trial before a jury in the Superior Court, and the judge of the Land Court certifies that the issues presented are framed in the form requested, but that they are disallowed by him as presenting only questions of law, and the appellant alleges exceptions to the order disallowing the issues, upon a subsequent decision by this court sustaining the exceptions on the ground that the order of the judge disallowing the issues was erroneous, the appellant does not lose his right of appeal to the Superior Court because the prosecution of his exceptions has extended the time of the final certification of the issues beyond thirty days from the date of the order appealed from, as limited by § 8, and the issues are to be remanded to the Land Court for certification and transmission to the Superior Court as they were framed and certified, and as of the date of that certification, with the certificate of the erroneous disallowance omitted.

PETITION, filed in the Land Court on May 27, 1909, for the registration of the title to a parcel of land with the buildings thereon on the northerly side of Beacon Street between Raleigh Street and Deerfield Street in Boston.

In the Land Court the case was heard by *Davis,* J. It appeared that the petitioner owned the premises, the title to which he sought to have registered, and the only question was whether the premises were subject to the restrictions imposed by a certain indenture. The indenture was introduced in evidence. There was no mention of the restrictions in the deeds under which the petitioner claimed title. The petitioner introduced documentary and oral evidence, which is referred to in the opinion. The respondents offered no evidence. The judge made a decision in favor of the petitioner, and ruled that the restrictions imposed by the indenture did not apply to the land of the petitioner covered by his application for registration of title. The respondents excepted to the ruling.

Within thirty days after the filing of the decision some of the

respondents claimed an appeal to the Superior Court, and moved in the Land Court that the following issues be framed for a trial by jury in the Superior Court:

" (1) Is the junction of Commonwealth Avenue and Beacon Street, referred to in an agreement signed by Charles Francis Adams and others dated May 16, 1890, and recorded with Suffolk Deeds, Book 2039, page 469, east of the westerly line of the petitioner's land?

" (2) If the junction of Commonwealth Avenue and Beacon Street aforesaid is east of the westerly line of the petitioner's land, where is said junction? "

After a hearing upon this motion, the judge of the Land Court indorsed upon the issues so requested by the appealing respondents, together with the date and his signature, the following: " Framed as above, but disallowed as presenting a question of law and not matter for a jury trial on the facts as to which the respondents are parties aggrieved by the decision of this court, from which this appeal is sought."

To this order disallowing the issues the appealing respondents alleged exceptions.

The appeal came on to be heard in the Superior Court before *Fessenden,* J., upon two motions, one a motion of the appealing respondents for the framing of issues by the Superior Court for a trial by jury and the other a motion of the petitioner that the appeal be dismissed.

At the hearing upon the two motions, it was agreed that a bill of exceptions had been filed in the Land Court to the ruling of that court disallowing the issues.   Thereupon, being of opinion that the questions raised by the motions in the Superior Court should be heard and determined by the Supreme Judicial Court at the same time with the questions raised by the bill of exceptions from the Land Court, the judge ruled *pro forma* that the appellants' motion for the framing and allowance of issues by the Superior Court should be denied and that the motion of the appellee for the dismissal of this appeal should be allowed, and reported the case to this court, such disposition to be made of the two motions as to this court might seem proper.

It was agreed by the parties that the bill of exceptions from the Land Court should be presented to this court and argued at

the same time with the report from the Superior Court and that the bill of exceptions set forth, so far as material, the contents of the papers of which certified copies had been filed in the Superior Court.

The case was argued at the bar in January, 1910, before *Knowlton,* C. J., *Hammond, Braley, Sheldon,* & *Rugg,* JJ., and afterwards was submitted on briefs to all the justices.

*R. G. Dodge,* ( *C. W. Blood* with him,) for the respondents.

*F. Rackemann,* ( *F. Brewster* with him,) for the petitioner.

BRALEY, J.   By St. of 1904, c. 448, § 8, in proceedings for registration of title, a party who is aggrieved by a finding of fact can have a jury trial on appeal to the Superior Court. After an appeal has been duly claimed of record, the issues are to be framed by the Land Court, and copies of all material papers must be filed in the appellate court by the appellant within the time prescribed by the statute. *Luce* v. *Parsons,* 192 Mass. 8.   *Foss* v. *Atkins,* 193 Mass. 486, 487. *Dunbar* v. *Kronmuller,* 198 Mass. 521.   By St. of 1905, c. 288, the judge is also required within thirty days after the entry of the appeal to transmit a full report of his decision so far as material to the questions involved, which by analogy to an auditor's report is made *prima facie* evidence.

But, if after a decree for registration has been ordered an appeal lies for a jury trial on the facts, there is no record to transmit until the issues have been framed and allowed.   If the appeal is perfected, the Superior Court may modify or enlarge the issues sent up, or prepare additional issues where such a course becomes necessary for an intelligent trial of the controversy.   *Luce* v. *Parsons,* 192 Mass. 8, 11, 12.   The respondents duly claimed an appeal, but after issues had been framed they were disallowed, and for want of this precedent condition the appeal not having been perfected, the Superior Court never acquired jurisdiction.   It follows that the orders denying the motion to frame issues in that court, and granting the motion to dismiss, were right.

But if the judge, when properly requested by the defeated party, decides that no questions of fact are involved and for this reason declines to frame issues, or to allow issues after he has framed them, his decision may be reviewed by this court upon

exceptions or report.   R. L. c. 128, § 13.   St. 1904, c. 448, § 8. *Dunbar* v. *Kronmuller*, 198 Mass. 521.

We assume from the recitals in the record that the respondents who prosecute the exceptions were not strangers, but were properly before the court as parties under R. L. c. 128, §§ 30, 33, and that the only ground upon which the judge went is shown by his indorsement, that in view of his decision as to the title the issues presented no questions of fact.

In the delimitation of the petitioner's land, it became necessary to determine the exact location of the open area designated as the "junction" of the public ways described in the agreement, upon which rest the rights of the respondents to enforce the restrictions created by the instrument.   It is settled that, where in an attempt to locate land according to the description given in a deed or other instrument uncertainty arises, evidence of extrinsic facts is relevant to ascertain the intention of the parties.   A disputed boundary, or the condition of the locality at the time of the conveyance, are familiar illustrations of the rule.   *Putnam* v. *Bond*, 100 Mass. 58.   *Hathaway* v. *Evans*, 113 Mass. 264.   *Hoar* v. *Goulding*, 116 Mass. 132.   *Dunham* v. *Gannett*, 124 Mass. 151.   *Barrett* v. *Murphy*, 140 Mass. 133.   *Haskell* v. *Friend*, 196 Mass. 198.   *Gould* v. *Wagner*, 196 Mass. 270. The streets as shown by the chalk and compilation plan do not cross at right angles, but open into each other so that the side lines join at different points, while the centre lines, when projected, apparently intersect at various other points; and there is no common point of intersection.   If the lines of intersection are established at one point, the petitioner's land is unincumbered, but if located as the respondents contend, a portion of the premises is within the restricted space.   To determine that question the physical conditions existing at the date of the agreement would have to be ascertained.   In view of subsequent changes caused by the public authorities in taking land for widening both streets, and the outside avenue opening into the junction, the inquiry had been complicated and became more difficult of solution.   But even the petitioner does not contend that with nothing more than the agreement in hand the judge upon taking a view could have ascertained the limits of the locality and awarded judgment, for the description without extrinsic aid could

not be intelligently and accurately applied. Obviously documentary and oral evidence was not only admissible but necessary to locate and define the original boundaries. *Hoar* v. *Goulding,* 116 Mass. 132. *Macdonald* v. *Morrill,* 154 Mass. 270. *Graves* v. *Broughton,* 185 Mass. 174. *First National Bank of Woburn* v. *Woburn,* 192 Mass. 220. *De Ponta* v. *Driscoll,* 200 Mass. 225. It appears that the petitioner introduced considerable evidence in support of his contention of a clear title, but the respondents offered no testimony.

A jury trial, however, where the title to real property is put in issue, is not a privilege to be granted in the sound discretion of the court as in probate appeals, or issues in suits in equity, but is a right guaranteed by the Constitution. In the lawful exercise of this right the respondents were not required to offer any evidence in the court below, but could reserve their testimony for presentation at the trial of the appeal, or even there might take the verdict of the jury upon the case as made out by the petitioner. *Mead* v. *Cutler,* 194 Mass. 277. If in view of the uncontradicted extrinsic evidence the judge was of opinion, and decided, that the petitioner should prevail, the respondents were not precluded from their appeal, even if it was undisputed that the compilation plan correctly indicated the original lines of the streets with the subsequent alterations. The construction of the agreement was for the court when read in the light of the evidence, but its application to the land was a question of fact resting upon inferences to be drawn from all the testimony. *Boston* v. *Richardson,* 105 Mass. 351, 358. *Smith* v. *Vose & Sons Piano Co.* 194 Mass. 193, 200. *Derby Desk Co.* v. *Conners Brothers Construction Co.* 204 Mass. 461.

The issues framed aptly presented the questions of fact to be decided, and which were decided by the judge before he could determine whether the premises were either wholly or partially within the original area. By the decision, the respondents were aggrieved, and, having regularly availed themselves of the provisions of the statute, were entitled to have the questions submitted to a jury.

Nor has this right been lost or annulled, as the petitioner suggests, by the lapse of time occasioned in the prosecution of the

exceptions.   If, the issues having been disallowed, the proceed-
ings could not properly be certified by the recorder, the reversal
of the order leaves them for certification and transmission as
framed, with the indorsement of disallowance omitted.   *Dunbar
v. Kronmuller*, 198 Mass. 521.

It is unnecessary to consider the remaining exceptions as they
are waived by the respondents, if a jury trial is granted.

The orders made by the Superior Court, therefore, must be
affirmed, and the exceptions taken in the Land Court must be
sustained.

*So ordered.*