MARY E. MORRISON & another *vs.* HARRIET E. HOLDER & another.

Essex.   January 14, 15, 1913. — May 20, 1913.

Present: RUGG, C. J., MORTON, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions, Judge's charge.  *Evidence,* Extrinsic affecting writings,
· Declarations of deceased persons as to boundaries and under R. L. c. 175, § 66.
*Trespass,* To real estate.

A general exception to the admission of testimony, which when admitted appeared to be competent, cannot be sustained because afterwards it was shown upon cross-examination that some of the statements of the witness were founded upon hearsay. In such a case the proper course for the party objecting to the evidence is to ask to have the incompetent parts of it stricken out when such incompetency is disclosed.

It long has been settled that, where a description of land in a deed is of doubtful import, extrinsic evidence is admissible to show the construction given to the description by the parties to the deed as manifested by their acts.

Upon an issue as to the boundaries of land, the declarations of a deceased owner of the land made during his possession of it are admissible to show the use that he made of the whole of the land or of the part of it in dispute or that he named a certain tree as marking a certain line of his ownership; and a description of a part of the land in a deed given by him while in possession before any dispute had arisen over the title also is admissible, all of such declarations being admissible under R. L. c. 175, § 66, and those of them which were made by such owner in pointing out the boundaries on the land itself being also admissible at common law.

The declarations of a deceased person as to the boundaries of land claimed by him as owner, if otherwise admissible under the requirements of R. L. c. 175, § 66, are not to be excluded on account of the interest of the declarant, which affects only the weight to be given to his statements.

One who is in possession of land under a claim of right may maintain an action of tort in the nature of trespass against one who breaks and enters his close without a better title.

A general exception to the instructions given to a jury by a presiding judge "so far as they are inconsistent with the law," pointing out no specific error, will not be considered by this court.

Tort for breaking and entering the plaintiffs' close on Linwood Street in Lynn, described by boundaries in the declaration, and there cutting down and injuring the plaintiffs' trees and undergrowth on November 13, 1908, and on divers days from that day until December 20, 1908. Writ in the Police Court of Lynn dated December 24, 1908.

On appeal to the Superior Court the case was tried before *Ratigan*, J. It was not disputed that trees were cut by the defendants on the land claimed by the plaintiffs, and the question tried was in regard to the plaintiffs' right to possession as determined by the ownership of the land. The facts necessary for the purpose of understanding the questions passed upon by this court are stated in the opinion. The jury returned a verdict for the plaintiffs in the sum of $5.59; and the defendants alleged exceptions to the admission of certain evidence, as described in the opinion, and to the refusal of the judge to instruct the jury as requested by the defendants "and to his instructions so far as they are inconsistent with the law." The character of the defendants' requests for instructions is stated in the opinion.

*F. E. Shaw*, for the defendants.

*A. T. Cusack*, for the plaintiffs.

BRALEY, J. The action is tort for breaking and entering the plaintiffs' close, with the further allegation that the defendants cut down, damaged and destroyed the trees and undergrowth. If under the R. L. c. 173, § 8, the place of the alleged trespass is designated in the declaration by name, boundaries, courses and distances, the plaintiffs need not prove the boundaries with the precision requisite in a writ of entry, where the whole title to the land described and demanded is put in issue. The judgment, if the plaintiffs prevail, determines only that a trespass has been

committed on some part of the premises. *Hall* v. *Mayo,* 97 Mass. 416.

The plaintiffs and Harriet E. Holder, hereinafter referred to as the defendant, claim title to the land in dispute through mesne conveyances from Nathaniel Holder. The deed, however, of their common grantor to Flint, under which the plaintiffs derive title, antedates by many years the deeds to the defendant, and, if it can be located, they are entitled through the subsequent conveyances which were properly admitted, to the southerly half of all the land therein described. *Temple* v. *Benson,* 213 Mass. 128. But as the description is by courses and distances except the westerly boundary, designated as a private way known as Linwood Street, and the southerly corner of the lot is stated as the point of beginning, the southerly line, which is in controversy, cannot be located when the deed is applied to the land.

It is the plaintiffs' contention, that the point of departure should be fixed in the westerly line of the lot sixty-six and three one-hundredths feet southerly of an oak tree standing at the easterly side of the private way, which subsequently became a public street. The defendant, however, places the starting point as being opposite to the tree. If thus located the measurement on the way called for by the plaintiffs' deeds would be about equally divided, and the area of the original grant correspondingly diminished.

A question of fact which the jury were to determine having been raised, the defendant, who put in without objection documentary and parol evidence which she maintained established title in herself, excepted to nearly all the testimony introduced by the plaintiffs. *Temple* v. *Benson,* 213 Mass. 128, and cases cited. But, if it is necessary to consider the exceptions at some length, they are devoid of merit. The land conveyed to the parties formed only a part of a large tract owned by Nathaniel Holder, who after the deed to Flint made conveyances from time to time of adjoining parcels, although no plan of the entire premises with the subdivisions seems to have been prepared. The deeds and the plans showing these parcels, and the lots into which some of the parcels have been divided by the purchaser, were admissible as they all related to the original territory out of which the lands of the parties had been carved, and evidence that a natural monument, or a drill

hole in a boulder, even if not mentioned in the deeds, but which has been treated by contiguous owners as a landmark, while not conclusive is competent where a boundary line is in dispute. *Hathaway* v. *Evans*, 108 Mass. 267. *Coyle* v. *Cleary*, 116 Mass. 208. *Byam* v. *Robbins*, 6 Allen, 63, 65, 66. *Morris* v. *Callanan*, 105 Mass. 129. *Temple* v. *Benson*, 213 Mass. 128. The plaintiffs' surveyor to illustrate his testimony was also rightly permitted to use certain chalks and plans prepared from actual knowledge and surveys, and to testify concerning the location and boundaries of a part of the adjoining lots based upon information derived from a physical examination while in the employment of the company which had bought them.

It is sufficient ground for its admission, that all of the foregoing evidence tended to aid the jury in the proper application of perplexing and ambiguous documentary evidence. *Hathaway* v. *Evans*, 108 Mass. 267. *Barrett* v. *Murphy*, 140 Mass. 133. It is true that some of the statements of the plaintiffs' witnesses when describing the location of the ancient oak, the boulder with a drill hole, each of which according to their recollection had disappeared long before the trial, and of other monuments or boundaries referred to in the later deeds, were founded upon hearsay. But this objectionable feature was not disclosed in their direct examination, nor referred to by counsel when the defendant excepted. The source of their information was elicited in cross-examination. If the defendant had asked to have this portion excluded, upon refusal, exceptions then taken would have been available. A party, however, who without stating any reasons merely excepts to the admission of evidence appearing on its face to be relevant and admissible, but which afterwards in cross-examination is shown to be incompetent, can have the benefit of his exceptions only as they are pertinent to the question actually presented and passed upon by the judge when the ruling was given. *Howard* v. *Hayward*, 10 Met. 408. *Holbrook* v. *Jackson*, 7 Cush. 136, 154.

It was settled more than seventy years since in *Stone* v. *Clark*, 1 Met. 378, 381, that where the description in a deed is of doubtful import the construction given by the parties may be shown by their acts. The father of the plaintiffs, the third successor in title under the original grant, occupied and improved the premises during his lifetime, and the character and extent of his actual

occupation could be described by witnesses who obtained their knowledge from personal observation. *Graves* v. *Broughton,* 185 Mass. 174. *Gray* v. *Kelley,* 190 Mass. 184. His declarations as to the use which he made of the land as a whole, or of the disputed portion, as well as naming the oak tree as marking the middle line running east and west of his ownership, and that he desired so to define the southerly line as to avoid trespassing on land now owned by the defendant, and the description in the deed given by him of the northerly half, having been made during his possession, and before any dispute had arisen over the title, were also competent not only at common law, but under the R. L. c. 175, § 66, where the interest of the declarant may affect the weight, but not the competency of the testimony. *Daggett* v. *Shaw,* 5 Met. 223. *Wood* v. *Foster,* 8 Allen, 24. *Luce* v. *Parsons,* 192 Mass. 8, 12. *O'Driscoll* v. *Lynn & Boston Railroad,* 180 Mass. 187.

The defendant's exceptions to the refusal to give her requests and to instruct the jury as requested remain. The requests could not have been given in terms, and the questions presented were appropriately covered by the instructions. Very properly the judge declined to instruct upon or to emphasize a part of the testimony, or to assume as matter of law what were controverted issues of fact.

The plaintiffs claimed a fee simple, and the title deed of their ancestor had the same effect as if the grantor had entered upon the land and given actual possession. *Ward* v. *Fuller,* 15 Pick. 185. And, being in possession under a claim of right, this of itself, as the judge correctly told the jury when dealing with the fifth request,* constituted a legal seisin entitling them to occupy and enjoy the premises unless the defendant had shown a better title. *Newhall* v. *Wheeler,* 7 Mass. 189. *Slater* v. *Rawson,* 6 Met. 439, 444. *Peele* v. *Chester,* 8 Allen, 89, 92. *Perry* v. *Weeks,* 137 Mass. 584, 587.

The exceptions to the instructions "so far as they are inconsis-

---

* The fifth instruction requested by the defendant, here referred to, was as follows: "5. The burden is upon the plaintiffs to prove title to the land where the alleged trespass was committed by a fair preponderance of the evidence, and if the plaintiffs fail to thus prove title to the land where the trees were cut down, even though they prove title to the land down to the nearest tree cut down, then your finding must be for the defendants."

tent with the law" have not been overlooked, but a general exception which points out no error to the trial court, cannot be considered by this court. *Oulighan* v. *Butler*, 189 Mass. 287, 289, and cases cited.

*Exceptions overruled.*